Leon Tatz, doing business as Harding Liquor Company, Appellant, *vs.* The Department of Finance, Appellee.

*Opinion filed September 19, 1945.*

Philip J. Simon, of Chicago, for appellant.

George F. Barrett, Attorney General, (William C. Wines, of Chicago, of counsel,) for appellee.

Mr. Justice Stone delivered the opinion of the court:

This is an appeal from a judgment of the superior court of Cook county quashing a writ of *certiorari* and sustaining the return of appellee, the Department of Finance of the State of Illinois, assessing a tax of $2804.22 against appellant under the Retailers' Occupation Tax Act.

The facts are not in dispute. Appellant did not appear or offer evidence. The facts therefore must be gleaned

from the record of the Department, filed as a return to the writ of *certiorari*. On January 20, 1941, appellee notified appellant, doing business as Harding Liquor Company, that it desired to examine appellant's books, papers, records and memoranda bearing upon his sale of tangible personal property at retail, for the information of the Department. A return, together with notice of an assessment of $2804.22, was issued by appellee to appellant and receipted for by him May 27, 1941. The record shows that on June 6, 1941, appellant executed a power of attorney to one Harry Leviton, to represent him in connection with his protest against the assessment. June 26, 1941, appellant receipted for a copy of a notice of a hearing set for July 11, as requested by appellant. Hearings before a representative of the Department concerning appellant's protest were from time to time, at the request of appellant's attorney, continued until December 18, 1941, at which time, due to the failure of appellant or his attorney to appear or to present evidence, appellee's representative recommended the issuance of a final assessment against appellant, and on February 18, 1942, final assessment was entered against him in the sum of $2804.22.

On March 9, 1942, appellant filed a petition for rehearing in which he stated that in May or June, 1941, he received from appellee a notice of proposed assessment; that upon receipt of the same he retained one Harry Leviton, an attorney at law, to represent him; that he had subsequently received numerous notices of the continuance of the hearings from time to time; that he notified his attorney and received by mail assurances that he would attend to the matter and would notify appellant if it was necessary for him to appear; that on February 18, 1942, he received from appellee notice of the final assessment of $2804.22 for deficiency of retailers' occupation tax; that he notified his said attorney and was advised that he would straighten the matter out satisfactorily. Appellant admitted he at-

tended none of the hearings and offered no evidence and later consulted another attorney who advised him of the facts with reference to the assessment. He asserts that he has a good and meritorious defense to the entire claim of appellee, and offers to present to appellee his records, books, etc., to prove the returns filed by him were true and correct. April 6, 1942, appellant receipted for a notice denying his petition for a rehearing and of final assessment. Appellant sued out a writ of *certiorari* from the superior court, where the writ was quashed and the return sustained.

Appellant contends here that the transcript of the proceedings of appellee does not sustain the final assessment, and the return should have been quashed. In support of his assignment of errors he argues that on review by *certiorari* the record must show that the inferior tribunal acted upon evidence and it must contain the testimony upon which the decision was based, and the fact that appellant defaulted on his protest of the increased assessment and request for a hearing did not excuse the Department, on a hearing on review, from introducing evidence to sustain its final assessment.

Section 4 of the Retailers' Occupation Tax Act applicable to the present inquiry, (Ill. Rev. Stat. 1941, chap. 120, par. 443,) provides: "As soon as practicable after any return is filed, the Department shall examine such return and shall correct such return according to its best judgment and information, which return so corrected by the Department shall be *prima facie* correct. If the tax computed upon the basis of the gross receipts as fixed by the Department is greater than the amount of tax due under the return as filed the Department shall notify the person making such return of the deficiency, stating that it proposes to assess the additional amount due, together with a penalty of five (5) per cent thereof: * * *. If such person shall within twenty (20) days after notice of

such proposed assessment file a protest to said proposed assessment and request a hearing thereon, the Department shall give notice to such person of the time and place fixed for such hearing and shall hold a hearing in conformity with the provisions of this Act, and pursuant thereto shall issue a final assessment to such person."

The abstract filed by appellant of the record of proceedings before the Department states that the Department's exhibits 1 to 8, inclusive, purport to be copies of records of the Department, and that exhibit 9 is a photostatic copy of a final assessment in the sum of $2804.22, addressed to appellant. The contents of the exhibits are not abstracted. Appellant has not seen fit to apprise this court of their contents. However, the return shows that exhibit 2 is a photostatic copy of corrected monthly returns; exhibit 3 is a photostatic copy of a notice of proposed assessment in the sum of $2804.22 addressed to appellant, and exhibit 4 is a receipt of appellant of a copy of the Department's amended return and proposed assessment. From the record it appears that the Department of Finance, in accordance with the provisions of section 4 of the act, corrected appellant's monthly returns according to its best judgment and information and notified appellant by mailing a copy with notice of its proposal to assess the additional amounts as shown by its corrected return. Appellant admits receiving the copies, notice of hearings and continuances, and that he did not, either in person or by attorney, appear at any of the hearings.

Section 4 of the act provides that the corrected return of the Department shall be *prima facie* correct. On the hearing of appellant's protest, there being no appearance by appellant, the record of the Department constituted the record on the hearing. No evidence was necessary to support the *prima facie* correctness of the amended return, and it was the duty of the Department to enter its final assessment. In making up its copy of the record in re-

sponse to the writ of *certiorari*, it was only necessary that there be inserted therein a copy of its records. Such records reveal that the hearing of appellant's protest was continued from time to time at his request as well as that of the Department, and that he was notified each time of the time to which the hearing had been continued. After six continuances, at none of which did appellant appear, the final assessment was entered. Appellant's petition for rehearing admits these facts and his only excuse for failure to appear is that his attorney neglected his duty to appear for and represent him. All the requirements of the statute for a hearing were complied with by the Department. Appellant was given ample opportunity to present evidence to show the correctness of his original returns.

The statute provides that the return of the taxpayer, as amended by the Department of Finance, is *prima facie* correct. The burden is upon the taxpayer to overcome that *prima facie* proof. Appellant having failed to offer any evidence to overcome the *prima facie* corrected return, the tax as finally assessed must be presumed legally levied. (*Anderson* v. *Department of Finance,* 370 Ill. 225; *Swain Nelson & Sons Co.* v. *Department of Finance,* 365 Ill. 401; *People ex rel. Nash* v. *Maxwell & Co.* 359 Ill. 570.) We cannot agree with appellant that the record of the Department of Finance fails to show jurisdictional elements essential to sustain a valid tax assessment, or that it did not act upon evidence. The hearing was before the Department of Finance. There being no evidence to overcome the *prima facie* correctness of the amended returns, it was not necessary that the Department present to itself its own records as evidence.

There is no merit to any of appellant's contentions. The judgment of the superior court quashing the writ and sustaining the assessment is affirmed.

*Judgment affirmed.*