367 P.2d 852

John R. BUTLER, d/b/a Davis & Butler
Construction Company, Appellant,

v.

STATE TAX COMMISSION of Utah,
Respondent.

No. 9527.

Supreme Court of Utah.

Jan. 8, 1962.

**2**

Clyde & Mecham, Elliott Lee Pratt, Salt Lake City, for appellant.

Walter L. Budge, Atty. Gen., F. Burton Howard, Salt Lake City, for respondent.

CROCKETT, Justice.

Plaintiff, Davis & Butler Construction Co. brings this original proceeding to review use tax deficiencies imposed by the State Tax Commission for the period July 1, 1955, to September 30, 1959, totaling $20,-527.54.

The plaintiff is a construction company of Salt Lake City. During the period covered it engaged in a number of projects as general contractor in which it purchased various personal property and equipment

from about 30 different foreign companies, some of which maintained local agents in Utah. Upon the basis of plaintiff's records showing these purchases upon which no sales or use taxes appear to have been paid the tax commission assessed the deficiency mentioned.

The major controversy here focuses upon a purchase of materials and equipment totaling $674,775.00 from B. I. F. Industries, Inc. of Providence, Rhode Island, for use in construction of the Salt Lake City Water Treatment Plant at the mouth of Little Cottonwood Canyon. Plaintiff's negotiations were handled through J. Henry Jones Company, B. I. F.'s local agent, resulting in that company's issuance of price quotations and the plaintiff accepting them and issuing purchase orders, pursuant to which the equipment was delivered and paid for.

The first point we consider is the contention that the Tax Commission assessed the use tax not only on the materials and equipment, but on labor furnished by B. I. F. and that the latter should not be subjected to the tax.

Our statutory definition of "sales price" for the purposes of the use tax is set forth in Sec. 59–16–2(d):

" 'Sales Price' means the total amount for which tangible personal property is sold, *including any services that are a part of the sale,* valued in money, whether paid in money or otherwise, and includes any amount for which credit is given to the purchaser by the seller without any deduction therefrom on account of the cost of the property sold, the cost of materials used, *labor or services cost,* interest charges, losses or any other expenses whatsoever; provided, cash discounts allowed and taken on sales shall not be included, or [sic] shall the sales price include the amount charged for labor or services rendered in installing, applying, remodeling or repairing property sold." (Emphasis added.)

The Commission found that as to the property purchased from B. I. F. the only services the latter rendered was the furnishing of three factory-trained experts to check the installations to see that the equipment was put into operation and to instruct local operators in its use and maintenance. It also found that no separate installation labor was furnished by it or any of the out-of-state suppliers and that any services rendered were merely incidental to and part of the sale of the materials within the terms of the statute above quoted. Even if it be conceded for the sake of argument that under the evidence a contrary finding might have been made, that does not compel a reversal of the decision.

 While it is true that the statute providing for a review of the Tax Com-

mission's decision by this court allows such review to be made "both upon the law and the facts"[1], nevertheless, where the evidence is in conflict and/or it is such that different inferences may reasonably be drawn therefrom the Tax Commission must be allowed considerable latitude of discretion in performing its duty of determining the facts. And this court will not disturb its conclusions unless they appear to be clearly erroneous.[2] Judged by that standard the determination made by the Commission on the issue above stated must be sustained.

■ The plaintiff also makes a frontal attack upon the entire tax imposed. It asserts that the use tax was enacted as a supplement to the sales tax to put an equivalent tax upon property purchased elsewhere and brought into the state of Utah for use; and that the sales tax and the use tax being thus pari materia, if a transaction is subject to a sales tax, it is not subject to the use tax. With this we agree. It is so indicated by the express exemptions provided for in Section 59–16–4 [U. C.A.1953) of the use tax act:

"(a) Property, the gross receipts from the sale of which are required to be included in the measure of the tax imposed by chapter 63, Laws of Utah, 1933, and any amendments made or which may be made thereto. [These are the sales tax provisions].

"(b) * * *

"(c) * * *

"(d) Property, the gross receipts from the sale, distribution or use of which are now subject to a sale or excise tax under the laws of this state or of some other state of the United States."

■ It is plaintiff's position that the transactions under consideration come within the above exemptions. In that connection it is appropriate to keep in mind this principle: that by showing that the property was received and stored, used, or consumed within the state of Utah[3] and that the sales tax had not been paid, the Tax Commission as the taxing authority sustained its burden of establishing that the use tax was applicable. The burden then shifted to the plaintiff to prove the transactions came within the exemptions as it claims.

■ As to the exemption provided for in (a) of the statute, quoted above, the plaintiff's argument is that in as much as B. I. F. did business through a Utah agent, J. Henry Jones Co., and that others of the suppliers similarly maintained agents in

---

1. Sec. 59–15–14, U.C.A.1953.
2. See McKendrick v. State Tax Commission, 9 Utah 2d 418, 347 P.2d 177.

3. See Sec. 59–16–3, U.C.A.1953.

Utah, the sales tax should have been imposed upon and collected from the suppliers or their agents and therefore no use tax is assessable. A similar contention was recently considered and rejected by this court in the case of Ralph Childs Construction Co. v. State Tax Commission.[4] The court pointed out that the use tax is imposed upon property stored, used or otherwise consumed in the state; and that the exception is that if the purchase is made through a retailer within the state and a sales tax is collected, the liability for the use tax is eliminated. But it was expressly declared that the liability of the consumer for the use tax is not extinguished until and unless the property is in fact subjected to the sales tax and paid.

█ Closely related to the argument that the transactions are exempted from the use tax under subdivision (a) of the statute, is plaintiffs further assertion that they are exempted under subdivision (d) thereof: because the transactions were subject to a sales tax under the law of "*some other state of the United States*". In that connection it is necessary to consider the plaintiff's charge that the Commission committed error in excluding evidence proffered on that issue. Its counsel sought to examine plaintiff's owner, Mr. John Butler, as to whether the charges it paid the suppliers were supposed to cover "every-

thing", including taxes. This evidence was objected to as irrelevant since plaintiff conceded that no such taxes had been paid to the State of Utah and the objection was sustained. There was some discussion of the matter and plaintiff's counsel made this offer of proof:

"We would show that of the bulk of these invoices, that the purchases were in the nature of sub-contracts, and that they were bid on a lump sum basis to comply with the specifications of the owner on these various jobs, and as such *may* have included the sales tax that would be paid on the other end, to the states from which the purchase was made, and that the payment of any further tax *may* be a duplication of the tax heretofore paid to another state. * * * The testimony would also include that it was the intention of the company, [plaintiff] that the lump sum figure that was bid, was the entire price for the item purchased including everything." (Emphasis added.)

Scrutiny of the above offer reveals that even if the facts were established exactly as the offer stated, that would not prove that the transactions came within the exemption claimed because it would not show that they had been subjected to, nor that they are now subject to, a sales tax in a foreign state. From the offer and the dis-

4. 12 Utah 2d 53, 362 P.2d 422.

cussion in the record it is apparent that the only representation the plaintiff's counsel offered to make, or in fact could make in that regard was that it intended ·its bid price to pay for all costs to it including any taxes imposed, and which *may* have been paid elsewhere. It seems appropriate to observe that counsel certainly had had adequate opportunity to find out what this witness knew and that if proof had been forthcoming that such taxes had in fact been paid, it cannot be doubted that that information would have been presented forthrightly and with alacrity. In order to predicate prejudicial error on the rejection of evidence it must appear that if it had been received it at least could have brought about a *different result*. Since the evidence offered would not have done so, the commission did not commit reversible error in sustaining the objection.

■■ In regard to the suggestion that the charges paid to the suppliers may have included the undertaking of the latter to pay the taxes, this is to be said: While one may contract with another to assume his tax liability, such an agreement cannot serve to relieve the tax payer of his responsibility to see that his tax is paid. His remedy is against the one who agreed to assume the obligation. We are therefore in accord with the ruling of the tax commission that even if the plaintiff had proved that the price it agreed to pay its suppliers was intended to cover all charges includ-

ing the tax, that would not discharge plaintiff's obligation to pay the tax to the state of Utah.

Affirmed.

WADE, C. J., and HENRIOD, McDONOUGH and CALLISTER, JJ., concur.