(No. 38071.—)

JOHN W. HENDERSON, d/b/a Inn Town Restaurant, Appellant, *vs.* DEPARTMENT OF REVENUE OF THE STATE OF ILLINOIS, Appellee.

*Opinion filed March 18, 1964.*

PEDDERSON, MENZIMER & CONDE, of Rockford, (L. W. MENZIMER and DALE F. CONDE, of counsel,) for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, (WILLIAM C. WINES, EDWARD A. BERMAN, and RICHARD A. MICHAEL, Assistant Attorneys General, of counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This is an administrative review action to review an assessment imposed by the Department of Revenue against the plaintiff, John W. Henderson, doing business as the Inn Town Restaurant. The circuit court of Winnebago County affirmed the determination of the Department that under the provisions of the Use Tax Act (Ill. Rev. Stat. 1959, chap. 120, par. 439.1 *et seq.*) the plaintiff was liable for tax and penalties in the amount of $2,084.52. The plaintiff has appealed directly to this court. The revenue is involved.

This disputed tax was imposed upon the plaintiff's purchases of building materials, bar equipment and restaurant furnishings between June of 1959 and December of 1961. The plaintiff testified that he had used a small but unspecified portion of the building materials in the construction of a church, but that he had used the rest in constructing motel living units, a restaurant and a lounge as additions to the Inn-Town Motel.

Prior to March of 1959 appellant had constructed, owned and operated the Inn-Town Motel. He had already commenced construction of the additions to the motel when he entered into a contract of sale with Harvey G. Sauber on or about March 29, 1959. The contract provided "that J. W. Henderson, the contractor, hereby agrees to sell, and Harvey G. Sauber, agrees to purchase, at the price of $425,000.00, the real estate buildings and equipment known as Inn-Town Motel and Restaurant. * * * J. W. Henderson has agreed to operate the business until completion of the Restaurant and Lounge, and at that time a deed to the described property will be furnished by the

contractor to the buyer, and the buyer, Harvey G. Sauber, will make final settlement for same. Said purchaser has paid Twenty Thousand dollars as earnest money to be applied on said purchase, and when construction has been completed and title has been examined and found good, said purchaser will pay balance of Four Hundred and Five Thousand * * *."

Subsequent to the date of the contract, plaintiff went ahead with the construction of additional motel living units and also continued work on the restaurant and lounge. Sauber, a witness for the plaintiff, testified that he never saw any plans or specifications of the work to be done and that he did not give the plaintiff any instructions as to how the restaurant, lounge or motel units were to be constructed. It is undisputed that at all times during this construction period the plaintiff held title to the motel, restaurant and lounge and operated them without any participation by Sauber. Final settlement was made during the early part of December, 1961, at which time plaintiff transferred title to Sauber.

It is provided by statute that when a taxpayer fails, as the plaintiff did, to make any use tax return for taxable purchases "the Department shall determine the amount of tax due from him according to its best judgment and information, which amount so fixed by the Department shall be prima facie correct and shall be prima facie evidence of the correctness of the amount of tax due, as shown in such determination." (Ill. Rev. Stat. 1959, chap. 120, pars. 439.12, 444.) "The taxpayer, thus, has the burden of proving by competent evidence that the proposed assessment is not correct, and when such evidence is not so inconsistent or improbable in itself as to be unworthy of belief, the burden then shifts to the Department which is required to prove its case by competent evidence." *Fillichio* v. *Department of Revenue,* 15 Ill.2d 327, 333.

In the administrative hearing the plaintiff did not deny

that he made purchases in the amount shown in the Department's proposed assessment. He produced no records, and testified that they had been lost or mislaid. His evidence was aimed instead at showing that he was a construction contractor, and that he bought the building materials pursuant to his contract with Sauber. He contends that he was therefore not liable for use tax under the regulations of the Department and the decisions of this court as they existed at the time the purchases were made.

*Material Service Corp.* v. *McKibbin,* (1942) 380 Ill. 226, followed in *Material Service Corp.* v. *Hollingsworth,* (1953) 415 Ill. 284, held that when a contractor purchased building materials that were used in constructing a building for a third person pursuant to an enforceable contract, neither the contractor who purchased the materials, nor the supplier who sold them, was subject to the retailers' occupation tax. The Use Tax Act, which became effective in 1955, is not applicable "[i]f the seller of tangible personal property for use would not be taxable under the Retailers' Occupation Tax Act despite all elements of the sale occurring in Illinois * * *." (Ill. Rev. Stat. 1963, chap. 120, par. 439.3.) The decisions in the *Material Service* cases were overruled in *Lyon & Sons Lumber and Mfg. Co.* v. *Department of Revenue,* (1961) 23 Ill.2d 180. But some of the purchases involved in this case were made before the *Lyon & Sons Co.* case was decided, and the plaintiff argues that under the *Material Service* cases he is not liable for a tax measured by these purchases.

It is apparent, however, that in the cases on which the plaintiff relies the materials were purchased for the purpose of constructing a building for use by someone other than the contractor. (See *Material Service Corp.* v. *McKibbin,* 380 Ill. 226, 239.) The circumstances in this case are significantly different. What are involved are purchases to be used in constructing additions to a building already built by the plaintiff and owned by him. The contract implies

that construction work on the additions to the restaurant and lounge was already in progress when the contract was entered into, and the purchaser so testified. The contract contained no specifications and fixed no date for completion. It did not provide for any supervision of the construction work by the purchaser, and he testified that he exercised none. The plaintiff could take as long as he wanted to construct such portions as he wished in the manner that suited him, and in the meantime he could operate the completed portions until the entire complex was finished at some indefinite time in the future. The evidence shows that for a period of twenty-one months after the date of the contract he did in fact operate the business as construction work progressed in slow stages. The plaintiff does not suggest that he did not receive all proceeds from the business, and there is no evidence that Sauber participated in any way.

The statute provides that "A tax is imposed upon the privilege of using in this State tangible personal property purchased at retail on and after August 1, 1955, from a retailer." (Ill. Rev. Stat. 1959, chap. 120, par. 439.3.) "Use" is defined as the "exercise by any person of any right or power over tangible personal property incident to ownership of that property * * *." (Ill. Rev. Stat. 1959, chap. 120, par. 439.2.) In our opinion the record supports the conclusion that the plaintiff exercised a right or power "incident to ownership" with respect to the items he purchased, and this conclusion is not affected by the fact that the property and business were eventually transferred to Sauber. Plaintiff's evidence was not sufficient to overcome the Department's *prima facie* case, and it is therefore unnecessary to consider the plaintiff's additional contention that the hearing officer erred in admitting certain evidence offered by the Department at the hearing.

The judgment of the circuit court of Winnebago County is affirmed.

*Judgment affirmed.*