(No. 39937.—

KLEIN TOWN BUILDERS, INC., Appellee, *vs.* THE DEPARTMENT OF REVENUE, Appellant.

*Opinion filed Dec. 1, 1966.—Rehearing denied Jan. 17, 1967.*

WILLIAM G. CLARK, Attorney General, of Springfield, (RICHARD A. MICHAEL, PHILIP J. ROCK, and A. ZOLA GROVES, Assistant Attorneys General, of counsel,) for appellant.

PHILIP J. SIMON, of Chicago, (SCHULTZ, KRINSLEY, VOORHEIS & HEDBERG, ROBERT B. MOORE, and DAVID C. KENYON, of counsel,) for appellee.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

On administrative review brought by the taxpayer, the circuit court of Cook County set aside an assessment for use taxes against Klein Town Builders, Inc., a general construction contractor. The Department of Revenue appeals.

The assessment was made in the amount of $7,629.69 on purchases of building materials during the period from July 16, 1961, to May 31, 1962. The purchases were all made from suppliers located within Illinois. Although the contractor had given the suppliers exemption affidavits it is undisputed that the purchases were not exempt and that a tax was due the State. The plaintiff's objection is that the Department's claim should be directed against the Illinois suppliers under the Retailers' Occupation Tax Act, rather than against the plaintiff under the Use Tax Act, that purchasers are under a duty to pay only where the purchases are made outside Illinois from retailers who are not licensed by the Department to collect and remit the tax.

The Use Tax Act imposes a tax upon "the privilege of using in this State tangible personal property purchased at retail on and after August 1, 1955, from a retailer." (Ill. Rev. Stat. 1965, chap. 120, par. 439.3.) It is not disputed that under the decision of this court in *Lyon & Sons Lumber and Mfg. Co. v. Department of Revenue,* 23 Ill.2d 180, the plaintiff is the "user" of the materials purchased, since they were employed in building houses or other structures constituting part of the real estate upon which they

were erected. It is strongly urged, however, that insofar as purchases from Illinois retailers are concerned, the retailer is responsible for remitting the tax due (of which he is relieved to the extent that he remits the retailers' occupation tax), and that there is no provision for discharging this debt by requiring the purchaser to pay the tax directly to the State.

We cannot agree that a purchaser incurs no direct liability for the tax under the circumstances of this case. It is true, as the plaintiff points out, that the use tax was designed to supplement the retailers' occupation tax. Its purpose is primarily to prevent avoidance of the latter tax by people making out-of-State purchases, and to protect Illinois merchants against such diversion of business to retailers outside Illinois. The scheme of the act was explained in *Turner* v. *Wright,* 11 Ill.2d 161, wherein its validity was upheld, and need not be repeated here. It is sufficient to observe that unlike use taxes in some other States which are imposed only upon use of property purchased outside the State, the Illinois tax "falls alike on those who purchase at retail within the State and those who purchase outside of it." (*Turner* v. *Wright,* 11 Ill.2d 161, 167.) It makes the retailer a collector of the tax, insofar as Illinois purchases are concerned, but this is simply an administrative mechanism. The primary liability is incurred by the one who purchases for use, and the seller's failure to collect the tax cannot operate to discharge the purchaser's liability. That this is the intent of the legislature is evident not only from the language imposing the tax but from provisions relating to methods whereby the purchaser's liability may be satisfied. Thus it is provided in section 5 that Illinois retailers, when collecting the tax, shall give the purchaser a receipt, if requested, and that "Such receipt shall be sufficient to relieve the purchaser from further liability for the tax to which such receipt may refer." (Ill. Rev. Stat. 1965, chap. 120, par. 439.5.) The implication is plain that unless either

tax is paid the purchaser remains liable for use tax, even though his purchase is made within the State.

The statute does not contemplate that both the retailers' occupation tax and the use tax reach the State treasury with respect to any one transaction, but unless it is shown that the purchaser paid use tax to the supplier or that the latter paid retailers' occupation tax to the State, there is nothing to preclude the Department from collecting either the one tax or the other. There is no statutory proscription barring a proceeding against the purchaser-user instead of the seller-retailer. *Cf. Henderson* v. *Department of Revenue,* 30 Ill.2d 451, where an assessment for use taxes was upheld against a purchaser of building materials, although it was not disclosed whether the seller was within the State or out of the State.

Plaintiff further contends that "directly or indirectly" it paid the use tax on the purchases in question to its vendors. We think the hearing officer was warranted in finding otherwise. The only evidence of payment was the testimony of plaintiff's president that there was an "understanding" with the suppliers that the contracts of purchase were to include any taxes for materials, and in its argument on the point plaintiff relies principally upon "the invariable practice by retailers of passing on and collecting the entire retailers' occupation tax from their vendees." No receipts for the payment of the tax were introduced nor do any suppliers' invoices appear with the amount of tax separately billed thereon. Moreover the claim is hardly consistent with the fact that the plaintiff gave exemption affidavits to its suppliers. Plaintiff's evidence is entitled to little or no weight in the light of this record, and is therefore insufficient to overcome the *prima facie* case made by the Department's assessment. *Cf. Fillichio* v. *Department of Revenue,* 15 Ill.2d 327.

The circuit court erred in setting aside the assessment, and its judgment is reversed.

*Judgment reversed.*