INDIANA DEPARTMENT OF STATE REVENUE *v.* DANIEL S. TROY,
D/B/A TROY CONSTRUCTION CO.

[No. 171A13.  Filed October 26, 1971.]

*Theodore L. Sendak,* Attorney General, *Hugh R. Couch, Mark Peden,* Deputies Attorney General, for appellant.

*Max C. Shirley, Merton Stanley, Shirley & Stanley,* of Kokomo, for appellee.

WHITE, J.—The records of plaintiff-appellee, a contractor, were audited by defendant-appellant, the Indiana Department of State Revenue (hereinafter Revenue Department). As a result of that audit the Revenue Department concluded that no gross retail tax (commonly referred to as "sales tax") had been paid by the contractor to various Indiana Retailers from whom building supplies were purchased during the period 1965 to 1968.[1] The Revenue Department assessed the contractor $2150.08 in Indiana use taxes and penalties for these purchases. The Contractor filed a protest, was denied a hearing, and subsequently paid the assessment. The Contractor then filed this suit for a refund and upon his motion the court granted him summary judgment. From that judgment the Revenue Department has appealed.

The question presented is whether an Indiana retailer's failure to collect the Indiana sales tax from an Indiana resident retail purchaser renders the purchaser liable to the state for the use tax.

By section 36[2] ". . . an additional excise tax, to be known as the state gross retail tax [sales tax], is hereby imposed on transactions of retail merchants constituting selling at retail . . . at the rate of two per cent [2%] on the gross in-

---

1. Some question is raised by the contractor-appellee as to the sufficiency of proof concerning the payment or non-payment of sales taxes (either by the purchaser to the seller or by the seller to the state) on these purchases. For the purpose of this opinion, however, we assume *arguendo* that no tax was paid.

2. For convenience and clarity we use the section numbers of the Gross Income Tax Act of 1933 (Ind. Acts 1933, Ch. 50) to identify the various statutes to which we refer. Most of the sections cited here were added to the 1933 Act in 1963 when Indiana first turned to the Sales Tax as a source of revenue. See Ind. Acts 1963, Ch. 30, and IC 1971, 6-2-1-37 *et seq.*

come derived therefrom. . . ." IC 1971, 6-2-1-37, Ind. Ann. Stat. § 64-2651 (Burns 1970 Supp.). By section 41, ". . . an excise tax, to be known as the use tax, is hereby imposed on the storage, use or other consumption in this state of tangible personal property . . . at the rate of two per cent [2%] on the sale price for such property. . . ." IC 1971, 6-2-1-41, Ind. Ann. Stat. § 64-2656 (Burns 1970). Thus, but for a provision such as that found in section 43, the consumer would be required to pay both the "sales" tax and the use tax. That provision of section 43 specifically exempts from the use tax "a transaction subject to the state gross retail tax [sales tax]."[3] IC 1971, 6-2-1-43, Ind. Ann. Stat. § 64-2658 (Burns 1970 Supp.).

The Revenue Department contends that that exemption does not apply here because the sales tax was not paid; that only transactions in which the sales tax is actually paid are "transactions subject to" the sales tax. The department urges upon us that we "should more properly construe the words 'subject to' as meaning 'subjected to' in the sense that there is no exemption from the Indiana Use Tax unless Indiana Sales Tax is *actually* paid on taxable transactions." But that tortured construction of "subject to" is not mentioned by the Department when it cites section 45(a) as authority for holding the Contractor personally liable for the use tax. That section, which is also IC 1971, 6-2-1-45(a) and Ind. Ann. Stat. § 64-2660(a) (Burns 1970 Supp.) reads:

> "(a) Every person storing, using or otherwise consuming in this state tangible personal property *subject to the use tax* shall be personally liable for the use tax imposed on all such transactions in respect to which he shall not receive a receipt for the tax or other written evidence of collection of the tax from a retail merchant holding a registered retail merchant certificate issued under section 40 or under section 47 of this act." (Italics added.)

3. P.L. 62, § 8, 1971, (effective April 16, 1971), amended Sec. 43 (in pertinent part) to read, "a transaction subject*ed* to *and upon which* the gross retail tax *has been paid.*" See Ind. Ann. Stat. § 64-2658 (Burns 1971 Supp.)

That statute would be an absurdity if we were to substitute for the words "subject to the use tax" the words "on which the use tax has been paid." It would then say: "Every person storing . . . property *on which the use tax has been paid* shall be personally liable for the use tax imposed on all such transactions in respect to which he shall not receive a receipt. . . ." To give that meaning to "subject to" would be to free from the liability imposed by that section all purchasers who had not paid the use tax and to create a liability only for those who had paid it but had not obtained a receipt.

But above and beyond the fact that section 45(a) demonstrates that the Legislature in this tax act, uses both the expression "subject to the tax" and the expression "the tax imposed" to convey the same meaning, that section also clearly refers throughout to only one tax, the use tax. ■ It has no application to cases of failure to receive receipts for sales tax. It speaks only of "property subject to the use tax" and "the use tax imposed on all such transactions" and makes the buyer "personally liable for the use tax imposed on all such transactions in respect to which he shall not receive a receipt."

Section 36 (IC 1971, 6-2-1-37, Ind. Ann. Stat. § 64-2651 [Burns 1970 Supp.]) imposes "an additional excise tax, . . . the gross retail tax [sales tax], on transactions of ■ retail merchants constituting selling at retail . . . subject to the exceptions and exemptions provided in section 39. . . ." Both the Department and the Contractor agree that tangible personal property involved in this case was sold in this state in transactions which were not subject to any of the exceptions or exemptions of section 39. Thus, by section 36, the "gross retail tax" was *imposed* on those transactions and they were, therefore, "subject to" that tax. Therefore, by the provisions of section 43 (IC 1971, 6-2-1-43, Ind. Ann. Stat. § 64-2658 [Burns 1970 Supp.]) "[t]he use tax shall not apply."[4]

---

4. The Revenue Department relies on *Klein* v. *Dept. of Revenue* (1966), 36 Ill. 2d 301, 222 N.E. 2d 482; *Capitol Building* v. *Tax Adm'r*

The decision of the trial court was not contrary to law. The judgment is hereby

Affirmed.

Hoffman, C. J., Sharp and Staton, JJ. concur.

NOTE.—Reported in 274 N. E. 2d 302.

(1966), 101 R.I. 131, 221 A. 2d 99, and *Butler* v. *State Tax Commission* (1962), 13 Utah 2d 1, 367 P. 2d 852, all of which held the use tax did apply to similar transactions. We believe all are distinguishable, but to the extent they may not be, they simply fail to convince us that the Indiana statutes are susceptible of the same construction.