In re Jesse R. CAIN, Debtor.

Jesse R. CAIN, Plaintiff,

v.

STATE of ILLINOIS, DEPARTMENT of REVENUE, Defendant.

Bankruptcy No. 91–50295.
Adv. No. 91–5029.

United States Bankruptcy Court,
S.D. Illinois.

July 1, 1992.

John Brunsman, Asst. Atty. Gen., Revenue Div., Springfield, Ill., for State of Ill.

Steven Mottaz, Alton, Ill., Chapter 7 Trustee.

Phillip Hamilton, Godfrey, Ill., for debtor.

## OPINION

BASIL H. COUTRAKON, Bankruptcy Judge.

Before the Court are the parties' cross motions for summary judgment regarding the dischargeability of certain tax obligations owed by Jesse R. Cain ("Plaintiff") to the State of Illinois, Department of Revenue ("Defendant").

The essential facts are undisputed. Plaintiff filed tax returns addressing certain "sales tax" liabilities to Defendant for the following periods: February 1986 through July 1986, May 1987 through June 1987, and August 1987 through January 1988. In addition, Plaintiff was assessed certain tax liabilities for the periods of November 1985 through September 1986, and October 1986 through April 1987, under tax assessments prepared by the Defendant on account of Plaintiff's failure to file tax returns as required by law. Subsequent to the assessments, Plaintiff filed three tax returns, which addressed tax liabilities for a portion of the time periods subject to Defendant's assessments. Plaintiff's subsequently-filed tax returns failed to address the following periods of time, thereby leaving undisputed Defendant's assessments for the following time periods: November 1985 through January 1986, June 1986 through October 1986, December 1986, and February 1987 through April 1987.

According to both parties, a determination of the nature of the tax obligations owed by Plaintiff to Defendant could be determinative of the question of their dischargeability. Specifically, it is necessary to determine whether the tax obligation is pursuant to the Illinois Retailers' Occupation Tax Act (Ill.Rev.Stat., ch. 120, para. 440, et seq.), or the Illinois Use Tax Act (Ill.Rev.Stat., ch. 120, para. 439.1, et. seq.). Both parties concede and stipulate that taxes assessed under the Illinois Use Tax Act are never dischargeable, as they are considered "trust fund" taxes. Alternatively, if the tax obligations are determined to exist pursuant to the Illinois Retailers' Occupation Tax Act, the tax obligations may be dischargeable if certain requirements set forth in Bankruptcy Code Section 507(a)(7) are met.

The Retailers' Occupation Tax ("ROT") is a tax imposed directly on a retailer in an amount equal to a percentage of the retailer's gross receipts. ROT is payable for the privilege of engaging in the occupation of selling tangible personal property at retail in the State of Illinois. The ROT liability due from a debtor is generally dischargeable if more than three

years old on the date of the bankruptcy petition. *In re Groetken*, 843 F.2d 1007 (7th Cir.1988). The terms and conditions regarding dischargeability of tax obligations are set forth in Bankruptcy Code Section 507(a)(7).

The Illinois Retailers' Occupation Tax Act is reinforced by the Illinois Use Tax Act. An Illinois retailer is required to collect a tax from the purchaser of all sales of tangible personal property purchased from the retailer. The tax applies to purchases made in Illinois as well as in other states. The purpose of the Use Tax is to prevent the loss of tax revenues to the state and the concomitant loss in sales to Illinois retailers that could result from Illinois consumers buying tangible personal property outside of Illinois in order to avoid the ROT. *Klein Town Builders, Inc. v. Dept. of Revenue*, 36 Ill.2d 301, 303, 222 N.E.2d 482 (1966). The Use Tax qualifies as a "trust fund" tax under Section 507(a)(1)(C) of the Bankruptcy Code and is not dischargeable, regardless of its age.

The Illinois Retailers' Occupation Tax Act and the Illinois Use Tax Act are complementary. Every sale by a retailer that would generate Use Tax would also generate ROT. The retailer is relieved of his debt to the state for Use Tax if ROT has been paid on the same transaction. Ill.Rev. Stat., ch. 120, sec. 439.8, *Rosenow v. Illinois Dept. of Revenue*, 715 F.2d 277, 281 (7th Cir.1983).

▆ In the case at bar, Plaintiff apparently collected from its customers a "sales tax", being a percentage of each retail sale, but failed to pay the funds collected to the Defendant. Plaintiff asserts that the taxes collected were ROT, not Use Tax, and as such, the liability is dischargeable under Section 507(a)(7).

If a retailer fails to pay the ROT, the state has a claim under the Illinois Retailers' Occupation Tax Act *and* a claim under the Illinois Use Tax Act. *In re Groetken*, 843 F.2d at 1014 (emphasis added). In the case at bar, Defendant has stated its claim based upon the Illinois Use Tax Act.

In assessing Defendant's claim, this court is persuaded by the following logic set forth in *In re Rosenow*, 715 F.2d at 282:

1. If a tax falls within Section (507(a)(6)(C)), it is nondischargeable.
2. The Illinois Use Tax by its terms falls within Section (507(a)(6)(C)).
3. A retailer is relieved of the Use Tax obligation only if the Occupation Tax has been paid.
4. The debtors in this case have not paid their Illinois Retailers' Occupation Tax.
5. Therefore they remain liable for the Use tax obligation (per 3 above).
6. Therefore the unpaid obligations under the Use Tax Act in this case are not dischargeable (per 1 and 2, above).

Regardless of Plaintiff's characterization of the funds collected by Plaintiff, the law is clear that the arrearage becomes an obligation under the Illinois Use Tax Act if the ROT is not paid. Defendant, by merely asserting its rights under the Illinois Use Tax Act, can ensure that the debt is nondischargeable. This seemingly harsh result is mitigated by the fact that the behavior of a taxpayer who, as in the case at bar, collected "sales tax" from its customers and failed or declined to remit the "sales tax" to the State of Illinois, is arguably unworthy of judicial sympathy.

Plaintiff has contended that Defendant's claim of Use Tax liability is undermined by certain language contained in an instruction booklet, known as NUC–19, pertaining to the completion of line 17 on an Occupation/Use Tax return. Specifically, Plaintiff alleges that the reference in NUC–19 to "retailers' occupation taxes collected" is indicative of an intention to empower retailers to collect ROT from purchasers of their goods.

Plaintiff has failed to assert, and the Court is unaware of, any authority which would purport to bind the Defendant to terminology set forth in an instruction book. A reference in an instruction booklet is insufficient evidence of legislative or administrative intent to convey legal authority to retailers to collect ROT from their customers. In other instances where

such a grant of authority was intended, such as in the case of the Illinois Use Tax Act, the authority was explicitly granted.

Plaintiff's assertion regarding the terminology in the instructions referring to "retailers' occupation taxes collected" fails to consider the fact that had the tax been paid, as contemplated in the instructions, the obligation might have been accurately characterized as ROT. It is only by failure to pay ROT that the Plaintiff became liable for Use Tax on the same transactions. See *In re Groetken*, supra.

With respect to the Local Retailers' Occupation Tax and Mass Transit Occupation Tax, Defendant does not dispute Plaintiff's analysis of those taxes based on returns filed by the Debtor, and agrees that his liability for any Local Retailers' Occupation Tax and Mass Transit Occupation Tax based on returns filed more than three years prior to the date of the filing of the petition in bankruptcy will be discharged. However, any Local Retailers' Occupation Tax assessed for the periods during which the Plaintiff failed to file returns is excepted from discharge under Section 523(a)(1)(B)(i). The parties have entered into a Stipulation as to the amount of local tax, penalties, and interest which are dischargeable. This Court finds pursuant to the Stipulation that the aggregate dischargeable amount of tax, penalties, and interest is in the sum of $10,469.86.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law". As there is no genuine issue of material fact here, this Court holds as a matter of law that the tax obligations owed by the Plaintiff are Use Tax obligations and, therefore, not dischargeable in these proceedings.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure. See written Order.

## ORDER

For the reasons set forth in an Opinion entered on June 29, 1992;

IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment is granted and Plaintiff's Motion for Summary Judgment is denied.