(No. 26127.—

WILLIAM J. FELDSTEIN *et al.* Appellees, *vs.* THE DEPARTMENT OF FINANCE, Appellant.

*Opinion filed September 15, 1941.*

GEORGE F. BARRETT, Attorney General, for appellant.

ROTHBART & ROSENFIELD, for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

This is an appeal by the Department of Finance of the State of Illinois from a judgment of the circuit court of Cook county, quashing the record of the department upon its return to a writ of *certiorari* sued out by William J. Feldstein and Joseph Feldstein, co-partners doing business as Feldstein Brothers, (appellees here) to review the assessment of the department against them in the amount of $1247.92, and penalty of $70.78, under the Retailers' Occupation Tax act.

The tax covers a period from July, 1933, through November, 1938, at which latter date, or thereabouts, the partnership was dissolved. The business was incorporated and the lease on its large warehouse having expired, smaller premises consisting of an office were rented and operations cut down. As a result of the giving up of the warehouse, according to the evidence, it became necessary to discard all old records such as miscellaneous bills of lading and old invoices which had accumulated, and only the journals, ledgers, and books of record were kept by the new company. Prior to this, the partnership which had been operating from six to ten stores in Chicago for the retail sale of wash dresses made regular monthly returns under the Retailers' Occupation Tax act from July, 1933, to November, 1938. On December 1, 1938, the Department of Finance made its first audit of appellees' books and, thereafter, served them with notice of a proposed assessment of an additional tax and penalty computed on unreported sales.

One Duffy, an auditor of the department, examined the books of the appellees, and testified that his report was based upon certain items listed in their books as "wholesale sales" and "merchandise sold at cost." This witness stated that he went through these books and allowed only those items with respect to which substantiating information was furnished. One Jack M. Rosenberg, a certified

public accountant, stated that he had been employed by appellees for each of the preceding six years for the purpose of auditing their books; that the items "wholesale sales" and "merchandise sold at cost" were bookkeeping designations for the purpose of showing these sales were transactions with other persons for the purpose of resale, and that he examined the invoices in each instance. William J. Feldstein, one of the defendants, testified that all the items designated "wholesale sales" or "merchandise sold at cost" were transactions with other persons for the purpose of resale; that these transactions were purchases by other retailers who bought the merchandise at wholesale or at cost for the purpose of reselling in their retail stores, and that all of the invoices and other supporting papers had been kept until about two weeks prior to the audit of the department. This time coincides with the expiration of the lease on the warehouse where the papers had accumulated and were kept in storage. The conclusion of the designated examiner of the Department of Finance is summarized in his report, as follows: "In view of the foregoing evidence, it is my finding that the receipts recorded in the 'Merchandise Sold at Cost' column reflect receipts from sales at retail and, therefore, should properly be treated as taxable receipts." It is significant that the period of the examination extended from 1933 to 1939, and that no audit was made by the department prior to the audit of April, 1939, and no proceedings instigated until later in 1939. During this entire time, the defendants furnished the required retailer's report.

It has been held by this court that action should be taken within a reasonable time, unless there is fraud in the return or no return at all. This is to prevent the placing of a burden on the taxpayer of requiring him to keep his records and documents for an unreasonable length of time. (*Hoffman and Morton Co.* v. *Department of Finance,* 373 Ill. 116.) It appears that a considerable portion of the

elapsed time was over and beyond the statutory limitation. A proposed assessment of an occupation tax, being a correction of returns filed by the taxpayer, is *prima facie* correct, but where the only competent evidence on the hearing is the taxpayer's books and his own testimony, which is not so inconsistent or improbable, in itself, as to be unworthy of belief, the *prima facie* case is overcome, and the burden shifts to the Department of Finance to prove its case by competent evidence. (*Novicki* v. *Department of Finance,* 373 Ill. 342.) The explanation of the designations in the journals and books of account of appellees, by William J. Feldstein, supported as it was by the evidence of Rosenberg, a certified public accountant, unconnected with the business, but who was employed for the purpose of preparing the income tax reports of the appellees and, by reason thereof, was called upon to examine the documents and records, was sufficient, in our opinion, to overcome the *prima facie* case established by the Department of Finance. The circuit court of Cook county so found, and we find no reason to disagree with its finding.

For the reasons stated herein, the judgment of the circuit court is affirmed.

*Judgment affirmed.*