QUINCY TRADING POST, INC., Plaintiff-Appellant, *v.* THE DEPARTMENT OF REVENUE, Defendant-Appellee.

(No. 11822;

Fourth District—July 5, 1973.

Drach, Terrell & Deffenbaugh, of Springfield, for appellant.

William J. Scott, Attorney General, of Chicago, (Warren K. Smoot and John D. Whitenack, Assistant Attorneys General, of counsel,) for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

The plaintiff, an automobile dealer, seeks judicial review of an administrative determination by the Department of Revenue which resulted in the plaintiff receiving a notice of tax deficiency due under the Retailer's Occupation Tax.

On June 29, 1970, the plaintiff received a notice of tax liability from the Department of Revenue alleging a total liability of $32,109.83, including penalty and interest, as well as the tax liability. The plaintiff filed a protest with the Department of Revenue requesting a hearing on his alleged tax liability, and such a hearing was held before a hearing officer on October 15, 1970. At that hearing, the plaintiff was represented by counsel. The plaintiff's president was present but did not testify. The plaintiff contended that the Department's assessment was erroneous because some of the sales included by the Department in determining its adjusted assessment were not subject to the tax because they were sales for resale, and the other items were interstate sales exempt from the tax. The plaintiff-taxpayer introduced no evidence.

The Department of Revenue introduced sixteen exhibits, thirteen of which were notices and other writings dealing with the setting of the hearing and the adjusted assessment. Three exhibits and the testimony of two Department of Revenue auditors constitute the substance of the prima facie case.

One auditor testified for the Department of Revenue as follows: He was assigned by the Department to examine the books of the plaintiff covering the period of January 1967 through June 1969. Forms 556 were included in the taxpayer's records for 312 of the 317 transactions involving out-of-state sales. The completion of such forms is the proper procedure for showing a transaction as interstate and a valid 556 form is acceptable evidence of an exempt sale. He found some 556 forms blank, except for the purchaser's signature, he pursued the inquiry and was told by the bookkeeper, to whom the plaintiff had referred him, that the forms were signed in blank at the time of the sale, and then filled in by the bookkeeper, using the purchaser's residence address as the delivery point. The auditor said that when he requested some proof of the expenses of out-of-state delivery; the bookkeeper said that there was none, and that the used car manager told him that the buyers took delivery of the cars at the taxpayer's place of business in Quincy.

The hearing officer found that the defendant's exhibits established a prima facie case, and that the taxpayer's contention that the sales giving rise to the disputed tax were automobiles for resale and automobiles sold out of state did not overcome the prima facie case. It was held that thirty of the thirty-six certificates for resale submitted by the plaintiff to establish the exempt status of some other transactions were insufficient to support the exemption because dated after the period of the audit. As to the alleged sales made out of state, the hearing officer found that the auditor's testimony concerning the questionable reliability of the 556 forms was not hearsay and was admissible, but that the defendant would have established a prima facie case without it. The hearing officer added that the auditor's testimony supported the defendant's prima facie case which clearly showed the plaintiff's sales did not qualify as interstate sales exempt from the retailer's occupation tax. The hearing officer then upheld the Department of Revenue's findings and issued a final assessment of $33,345.55, including interest and penalties through November 30, 1970.

Plaintiff filed a complaint for administrative review by the circuit court on December 28, 1970. On June 1, 1971, the circuit court affirmed the final assessment, holding that a court cannot review or reweigh the evidence, but rather only determine whether the decision of the administrative agency was contrary to the manifest weight of the evidence. The court found that the plaintiff did not overcome the Department of Revenue's prima facie case, but held that if the plaintiff's contention about the hearsay nature of the testimony of the auditor as to the statement of plaintiff's employees was sustained, and that evidence stricken, then plaintiff's contention that he had shifted the burden back to the

defendant would have merit. However, the court held that since the plaintiff was a corporation, the three persons making the statements were employees speaking in the course of their employment and their statements were admissible as an admission of an opponent party, an exception to the hearsay rule. The court stated that the plaintiff had ample opportunity to overcome the defendant's prima facie case by introducing evidence, but chose not to do so.

■■■ The Retailer's Occupation Tax Act (Ill. Rev. Stat., ch. 120, par. 443) provides that:

> "As soon as practicable after any return is filed, the Department shall examine such return and shall, if necessary, correct such return according to its best judgment and information, which return so corrected by the Department shall be prima facie correct and shall be prima facie evidence of the correctness of the amount of tax due, as shown therein."

The plaintiff-taxpayer here first asserts that the Department of Revenue did not present a prima facie case sufficient to legally support the total liability alleged. However, there is a statutory burden upon the taxpayer to establish by competent evidence that the corrected return of the Department of Revenue is not correct, and until he provides such proof, the corrected returns are presumptively correct. (*Copilevitz v. Department of Revenue*, 41 Ill.2d 154, 242 N.E.2d 205.) The plaintiff recognizes that presumption, but still states that the Department of Revenue has a burden to show that the taxpayer made sales that are taxable, and that they were not properly reported. The plaintiff argues that the defendant's exhibits are only copies of notices and conclusions that more tax is owed. In *Copilevitz*, the taxpayer did not dispute that during the period of time in question, he had receipts from sales exceeding $168,000, which he did not report to the Department. Here the plaintiff-taxpayer does not deny selling the vehicles in question, but asserts that they were exempt because sold to non-Illinois residents. Forms 556 were in existence for almost all of the sales, but the auditor concluded that they were deficient and not corroborated, and assessed the higher amount on the grounds that there was no proof the cars were delivered out of state to the non-resident purchasers. Section 441 of chapter 120 imposes a tax on all tangible personal properties sold and delivered in Illinois. The point of delivery controls, so even if the buyer is a non-citizen of Illinois; if he makes the purchase and takes delivery in Illinois, the tax is due. *Superior Coal Co. v. Department of Finance*, 377 Ill. 282, 36 N.E.2d 354.

■■ A proposed assessment of the occupation tax, being a correction of the return filed by the taxpayer, is prima facie correct, but where the

only competent evidence at the hearing is the taxpayer's books and his own testimony, which is not so inconsistent or improbable itself as to be unworthy of belief, the prima facie case is overcome, and the burden shifts to the Department of Revenue to prove its case by competent evidence. (*J. H. Walters & Company v. Department of Revenue,* 44 Ill.2d 95, 254 N.E.2d 485.) Plaintiff seems to feel that since the Form 556 is presently the only form required to report claims of tax exempt sales and that by showing the forms were completed for at least most of the sales in issue, he has automatically rebutted the Department's prima facie case. However, section 446 of the Retailer's Occupation Tax Act says:

"It shall be presumed that all sales of tangible personal property are subject to tax under this Act until the contrary is established, and the burden of proving that a transaction is not taxable hereunder shall be upon the person who would be required to remit the tax to the Department if such transaction is taxable. * * *"

As to what is inherently believable, the plaintiff-automobile dealer asserts that it delivered individual used cars to private buyers in states as far away as Washington and Florida, and that would not seem to be the general practice. The plaintiff offers no evidence in support of that contention, not even the 556 forms which it depends upon to establish the tax exemption.

As to overcoming the defendant's prima facie case, in *Du Page Liquor Store, Inc., v. McKibbin,* 383 Ill. 276, 48 N.E.2d 926, the taxpayer's president personally testified and introduced a daily schedule of alleged sales as recorded in the ledger sheets into evidence to rebut the defendant's corrected returns. The supreme court there said that before the presumption attaching to the Department's amended returns is overcome:

"* * * [T]here should be some evidence introduced which is identified with books or records as kept by the taxpayer and supported by proof of fact entitling it to be admitted as evidence or facts gathered from some other sources which imports equal verity. * * *"

■■ In *Copilevitz* (41 Ill.2d 154, 156), the supreme court said that the Act and its regulations are "explicit in its demand for documentary evidence * * *." The language of that case indicates that evidence corroborating statements of the taxpayer and other supporting data is necessary. A taxpayer has all of his books and records, so, if wrongfully assessed, he could easily overcome the prima facie case of the department at the hearing procedures provided. In short, the plaintiff may not prevail by merely saying its own return was correct, and that the revenue department must prove its return correct. Simply questioning the De-

partment of Revenue's return or denying its accuracy does not shift the burden to the Department of Revenue. Also, merely submitting the 556 forms does not automatically overcome the prima facie case without some corroborative evidence of delivery out of state, or at least some testimony of the plaintiff-taxpayer. Even then there must be some proof sufficient to overcome the Department of Revenue's prima facie case. (*Feldstein v. Department of Finance*, 377 Ill. 396, 36 N.E.2d 557.) However, as stated before, here the plaintiff did not offer any evidence, nor did it produce any witnesses.

The plaintiff questions the admissibility of statements made to the auditor by the general manager, bookkeeper, and used car manager of the plaintiff while the audit was being conducted. The reviewing trial judge held that the testimony might have been hearsay, but was an exception to the rule because the three were employees of the plaintiff corporation speaking in the scope of their employment. Plaintiff points out that none were identified; there was no evidence that they worked for the plaintiff, or when the statements were made, or to what period of time the statements concerning the manner of doing business referred, or even the context of the statements.

The complained-of testimony was given by the auditor in explaining why he felt the 556 forms were deficient. He testified that the plaintiff's general manager took him to the bookkeeper and told her to give him whatever aid he needed. The auditor said that after he saw some 556 forms signed by purchasers in blank, and then later filled in by the bookkeeper, that the bookkeeper told him the forms were signed by the purchasers when the sale was made, and the remainder filled in later with the buyer's address inserted as the delivery point. When the auditor asked the bookkeeper to support the 556 forms by some records of delivering cars to other states, he was told that there were none. The auditor testified that he was told by the used car manager that the buyers picked up the cars at the plaintiff's place of business in Quincy, but would not pay the Illinois tax in addition to their home state tax.

■■ The reviewing trial court found that even if the statements were hearsay, they were an exception to the rule by being admissions of a party, because made by an agent within scope of his employment. The manager clearly had authority to direct the auditor to other employees in the course of his audit. The bookkeeper was instructed to answer the auditor's questions and provide him with any records, and her reference to an expense account for the out-of-state deliveries would seem to have been within the scope of her employment. Likewise, the used car manager's statements concerning the picking up of cars would seem to be within the scope of his employment. Statements made by an agent in

the exercise of his duties pertaining to matters within the scope of his authority may constitute an admission as an exception to the hearsay rule. *Scovill Manufacturing Co. v. Cassidy*, 275 Ill. 462, 114 N.E. 181; 2 Wigmore, Evidence (1904 ed.) 1278.

■■ Generally, any statement made by a party or in his behalf, which is inconsistent with his position in litigation, may be introduced into evidence against him. *Nelson v. Union Wire Rope*, 31 Ill.2d 69, 199 N.E.2d 769.

■■ Finally, the plaintiff argues that the Retailer's Occupation Tax is not applicable to the sale of an automobile in Illinois to a non-resident. Under section 441 of the Retailer's Occupation Tax Act, a tax is imposed on all tangible personal property sold and delivered in Illinois. The point of delivery controls so that even if the buyer is a non-citizen in Illinois, if he purchases and takes delivery of the property in Illinois, the tax is due. In July 1971, the following was inserted in section 441:

> "\* \* \* nor is such tax imposed upon the sale of a motor vehicle in the State to a nonresident even though said motor vehicle is delivered to said nonresident in this State, if said motor vehicle is not to be titled in this State, and if a driveway decal permit is issued to said motor vehicle as provided in Section 3—601(f) of the Illinois Vehicle Code. \* \* \*"

So, plaintiff contends that a basic question here is whether the cars in question were delivered out of state, or delivered to non-residents in Illinois, and that it is rendered moot by the above quotation indicating that the place of delivery is no longer relevant. However, the change in section 441 exempting motor vehicles sold for use outside Illinois by non-residents went into effect in 1971—with no indication of retroactivity—and here the tax was assessed for the period January 1967 to June 1969. The law in Illinois is well settled that statutes are prospective in their operation and will not be construed to have retrospective operation unless the language used in the statute is so clear that it will admit no other construction. *People ex rel. Eitel v. Lindheimer* 371 Ill. 367, 21 N.E.2d 318.

■■ Plaintiff concedes that deference is generally given by courts to findings of administrative agencies on questions of facts and matters of policy within their province, but argues that rule does not relieve the court of its duty to determine the ultimate question of whether or not the transactions in issue here are taxable under the provisions of the statute. This court's function does not include reweighing the evidence which was before the administrative body and only if its order is clearly against the manifest weight of the evidence would it be set aside.

(*Rhinehart v. Board of Education of Bloomington School District #87,* 132 Ill.App.2d 1078, 271 N.E.2d 104.) Courts give deference to findings on questions of fact by the Department of Revenue, reversing its decision only where its findings are against the manifest weight of the evidence. *J. H. Walters & Company v. Department of Revenue,* 44 Ill.2d 95, 254 N.E.2d 485.

Even without the testimony of the auditor as to what he was told by employees of the plaintiff, he did testify to seeing 556 forms signed in blank by the purchaser and later seeing the same filled in completely, and others apparently not originals and with two claiming exemptions despite evidence of Illinois delivery. Also, thirty out of thirty-six resale certificates had dates subsequent to the alleged purchase dates and in the face of all of this the plaintiff offered no evidence in support of its claimed exemptions, nor did it call any of the employees to testify.

■■ The Department of Revenue clearly presented a prima facie case which was not rebutted by plaintiff's merely claiming to have made exempt sales to out-of-state purchasers without corroborative evidence. Therefore, the final amended assessment issued by the hearing officer and upheld by the circuit court of Adams County is affirmed.

Affirmed.

SMITH, P. J., and TRAPP., J., concur.