(No. 26645.—Judgment affirmed.)
Du Page Liquor Store, Inc., Appellant, *vs.* George B. McKibbin, Director of Finance, Appellee.

*Opinion filed May 20, 1943.*

JOSEPH SAM PERRY, and RATHJE & WOODWARD, (JOHN S. WOODWARD, of counsel,) for appellant.

GEORGE F. BARRETT, Attorney General, (WILLIAM C. WINES, of counsel,) for appellee.

Mr. JUSTICE MURPHY delivered the opinion of the court:

Appellant was engaged in the occupation of selling liquor at retail in the city of Elmhurst and filed returns with the Department of Finance under the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1939, chap. 120, par. 440 *et seq.*) showing the gross retail sales from December, 1938, and the first six months of 1939 to be $10,484. Pursuant to the authority of section 4 (par. 443) the Department made an investigation, corrected the returns and gave appellant notice that it found the total gross sales for the months in question were $36,079. At the rate of three per cent then authorized, it produced a tax of $1082.37, to which the Department affixed a penalty. Appellant protested the proposed assessment and requested a hearing. On the hearing a tax of $1082.37 and penalty of $58.59 was assessed against appellant. On a *certiorari* hearing before the circuit court of Du Page county a *certiorari* writ was quashed, the assessment sustained and a judgment entered against appellant for the amount of the assessment and penalty. The revenue being involved, the cause comes here on direct appeal.

Appellant contends that improper evidence was considered and that, eliminating such incompetent evidence, there is not sufficient evidence to sustain the assessment. On the hearing the Department in the first instance introduced in evidence its corrected returns and relied upon the *prima facie* case which section 4 declares shall attach to the Department's corrected returns. Appellant introduced the evidence of Thomas D. Orgo, its president and manager, who, in answer to general questions as to the Department's corrected returns, stated that the returns were not correct, that they could not be right and made other similar statements which it is claimed discredited the returns. The only written evidence introduced by appellant for the month of December, 1938, consisted of loose pages of what appears to have been a notebook or diary, and the only entry under each day of the month was a figure such as "December 3, 1938, sales 6620." Orgo stated such figures represented the total sales for the day for which they were entered. Appellant did not offer any evidence as to sales for January, February, March and April, 1939. For May and June of that year a sheet for each month was placed in evidence which contained an entry opposite each date of the month, thus "May 20—11380." Orgo testified that these figures were taken from the ledger sheets and that they represented the daily sales for those two months. There is no evidence that appellant kept books or records of sales as is required of a taxpayer by section 7 (par. 446) of the act. The figures thus introduced as to December, 1938, and May and June, 1939, are not identified or connected in any way with any book or record kept by appellant. There is no evidence that the figures obtained are the total of a daily record of retail sales. Under such circumstances there is nothing in such exhibits that can be given any weight.

The statute imposes the burden upon the taxpayer to prove by competent evidence that the corrected returns of the Department are not correct and until he makes such

proof the corrected returns as made by the Department are presumptively correct. The statute also demands that the taxpayer keep records and books of all his sales. In view of such requirements it appears that before the presumption attached to such returns should be declared to have been overcome, there should be some evidence introduced which is identified with books or records as kept by the taxpayer and supported by proof of facts entitling it to be admitted as evidence or facts gathered from some other source which imports equal verity. The *prima facie* case made by the Department's return is not overcome by Orgo's general denial that they are not correct or by the introduction of nondescript sheets such as were introduced by appellant.

Appellant insists that in making the corrected returns the Department relied upon information which violated the hearsay-evidence rule and that therefore the returns ceased to be presumptively correct. Arthur H. Buckman, one of the Department's auditors, testified that he made an investigation to determine appellant's tax liability. He testified that the figures shown in the corrected returns were the result of information obtained from purchasing invoices, copies of bills of lading, and other data furnished by various supply houses and wholesalers who sold liquor to appellant. It was the same character of evidence referred to in *Novicki* v. *Department of Finance,* 373 Ill. 342, which appellant cites and relies upon in support of its contention. The use made of the evidence in the *Novicki case* is distinguishable from the use made of it in this case. Here the appellant had not furnished the auditor of the Department any books or records from which an audit could be made and the gross amount of retail sales determined. Under such circumstances, the auditor seeks information from the wholesalers and dealers who had sold liquors to appellant. In making such audit and in determining the amount of the gross sales the auditor is acting in a capacity similar to any assessing officer whose duty it is to fix value

of property for taxable purposes. The statute directs that the Department shall "correct such return according to its best judgment and information." In seeking information upon which it may exercise its judgment the Department is not restricted to those facts that could be introduced in evidence when the matter came on for hearing following the taxpayer's notice of protest. The evidence in the *Novicki case* was introduced on the hearing by the Department for the purpose of supporting its return and it was held that such evidence was hearsay. The distinction shows the inapplicability of the principle announced in the *Novicki case* to this one.

The court did not err in quashing the writ of *certiorari* and therefore the judgment of the circuit court is affirmed.

*Judgment affirmed.*