(No. 40952.—

MAURICE COPILEVITZ, *d/b/a* Ohio Market, Appellee, *vs.*
THE DEPARTMENT OF REVENUE, Appellant.

*Opinion filed November 22, 1968.*

WILLIAM G. CLARK, Attorney General, of Springfield,
(JOHN J. O'TOOLE and ROBERT F. NIX, of counsel,) for
appellant.

ROBERTS, GUNDLACH & LEE, of East St. Louis, (R. E.
EGGMANN, of counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the
court:

In this administrative review action, the circuit court
of St. Clair County reduced the Department of Revenue's
deficiency assessment against the taxpayer, Maurice Copile-

vitz, from $3,626.70 to $1,200. The Department has appealed.

During the taxing period here in question, July of 1952 to March of 1955, the taxpayer operated a retail grocery store in East St. Louis, known as the Ohio Market. He filed monthly returns pursuant to the Retailers' Occupation Tax Act, and on those returns he claimed certain deductions for items sold for resale. A departmental field audit of his books and records revealed receipts of $168,210.82 that had not been included in his monthly tax returns. Although the taxpayer's records did not show the nature of the sales which produced the unreported receipts, he took the position that the entire $168,210.82 represented receipts from interstate sales and sales for resale, which are not taxable under the statute.

At a departmental hearing in 1956, the taxpayer testified that he regularly sold goods to relatives in Missouri, two of whom operated small retail stores, and that the amount of these sales varied from $400 to $600 per week for sales to a brother of the taxpayer, who was engaged in the retail food business, to $10 to $15 per week for sales to another relative for his family's consumption. He testified that 8 out-of-state relatives participated in the tax-exempt transactions; only one of them testified at the hearing. The taxpayer also testified that exempt sales were made to other retailers and restaurant operators who were not related to him. The hearing officer affirmed the Department's finding of a deficiency and penalty of $3,626.70.

Prior to rendering their decisions, both the field auditor and the hearing officer had granted the taxpayer's request for additional time to submit verification of the exempt nature of the unreported sales. No such verification was furnished.

On July 26, 1957, the circuit court took the petition for administrative review under advisement, and on July 7,

1967, entered the judgment appealed from, which reduced the amount due from the taxpayer to $1,200.

At the outset the taxpayer contends that the Department completely failed to prove a *prima facie* case. This contention appears to be based upon the fact that the Department's exhibits, consisting of the field auditor's findings, the corrected return, notices and the like, had been arranged in order and marked by the court reporter with exhibit identification numbers and her initials prior to the commencement of the hearing and out of the presence of the taxpayer. We regard this objection as frivolous. The hearing officer explained what had occurred to the attorney for the taxpayer; the court reporter was present and could have readily been sworn to testify if anyone had thought it was necessary to do so.

The taxpayer does not dispute that during the period in question he had receipts of $168,210.82, which he did not report to the Department. The issue is whether he has established that all, or some part, of these unreported receipts, was not subject to the tax. "The statute imposes the burden upon the taxpayer to prove by competent evidence that the corrected returns of the Department are not correct and until he makes such proof the corrected returns as made by the Department are presumptively correct." *Du Page Liquor Store, Inc.* v. *McKibbin,* 383 Ill. 276, 278-79; see also Ill. Rev. Stat. 1951, chap. 120, par. 443.

To support his contention that the unreported receipts were derived from interstate sales and sales for resale, and so were not subject to the tax, the taxpayer relies upon his oral testimony, and that of his brother. The statute, however, and the Departmental regulations promulgated pursuant to it, compel us to reject this testimony. Section 7 of the Act is explicit in its demand for documentary evidence of purported deductible receipts: "Every person engaged in the business of selling tangible personal property at retail in this State shall keep records and books of all sales

of tangible personal property, together with * * * sales records, copies of bills of sale, * * * and other pertinent papers and documents. * * * To support deductions made on the monthly tax return form, or authorized under this Act, . * * * on account of receipts from sales of tangible personal property for resale, and on account of receipts from sales of tangible personal property in interstate commerce, entries in any books, records, or other pertinent papers * * * shall be in detail sufficient to show the name and address of each purchaser to whom a sale is made, the character of every such transaction (whether it is a sale for resale, [or] a sale in interstate commerce * * *), the date of every such transaction and the amount of receipts realized from every such transaction." Ill. Rev. Stat. 1951, chap. 120, par. 446.

During the period in issue, Article 13, Rules 2 and 3, of the Department's Rules and Regulations clearly stated that "mere statements by sellers that property was sold for resale will not be accepted by the Department without corroborative evidence," and that when "sales for resale are made, sellers should, for their protection, take a Certificate of Resale from the purchaser." Similarly, Article 5, Rule II—3, required the seller "to retain in his records * * * proof * * * that there was * * * an agreement and a bona fide delivery outside this State * * *. The most acceptable proof of this fact will be * * * a waybill * * *, an authorized receipt from the United States Post Office * * *, a trip sheet * * * *together with* other supporting data as required * * * by Section 7 of the Act." (Emphasis added)

We have heretofore held that the statutory recordkeeping provisions are mandatory and that "before the presumption attached to [the corrected] returns should be declared to have been overcome, there should be some evidence introduced which is identified with books or records as kept by the taxpayer * * *." *Du Page Liquor Store,*

*Inc.* v. *McKibbin,* 383 Ill. 276, 279; see also *Lutkus* v. *Department of Finance,* 385 Ill. 221, 223.

The taxpayer argues that because of the relatively limited scope of his operation as a neighborhood store, he should not be required to adopt complicated record-keeping procedures such as may be undertaken by larger enterprises. But the taxpayer has kept records which adequately showed other exempt sales. It is apparently only as to the unreported receipts involved in this case, that he has no records whatsoever. Upon these facts, we cannot say that the presumptive validity of the corrected return has been dispelled.

Because the circuit court of St. Clair County erroneously reduced the deficiency assessment found by the Department, its judgment is reversed and the cause is remanded to that court with directions to enter judgment in favor of the Department and against the taxpayer in the sum of $3,626.70.

*Reversed and remanded.*