PETER MASINI *et al.*, d/b/a Blue Gold Liquor Store, Plaintiffs-Appellees, *v.* THE DEPARTMENT OF REVENUE, Defendant-Appellant.

First District (5th Division)   No. 77-996

Opinion filed May 5, 1978.

William J. Scott, Attorney General, of Chicago (George W. Lindberg and Stephen R. Swofford, Assistant Attorneys General, of counsel), for appellant.

Wexler & Wexler, of Chicago (Samuel Wexler, of counsel), for appellees.

Mr. JUSTICE MEJDA delivered the opinion of the court:

The defendant, Illinois Department of Revenue (hereinafter "Department"), appeals from the order of the circuit court of Cook County in an administrative review action which reversed the Department's decision, cancelled a tax deficiency assessed, and entered judgment in favor of plaintiffs. We reverse.

On December 18, 1974, the Department issued a notice of tax liability to the plaintiffs, Peter Masini and Pio Masini, doing business as Blue Gold Liquor Store. The total liability was in the amount of $12,892.55, which comprised alleged deficiencies in State and municipal Retailers' Occupation Taxes (ROT) for the period from January 1971 through October 1973. The foregoing amount included penalties and interest. Plaintiffs filed a timely protest and requested a hearing with the Department.

At the hearing the Department entered into evidence two documents labeled "Correction of Returns or Determination of Tax Due," one showing amounts due for the state ROT, and the other the amount for municipal ROT. Attached to the documents were several pages of handwritten documents, described by the hearing officer as the "summary analysis of tax liability per audit." Also entered into evidence were the notice of tax liability, plaintiffs' protest and request for hearing, notices of hearings, numerous post office return receipts, and the hearing officer's letter of authorization. No documentary evidence was offered by plaintiffs. Plaintiffs did not appear personally but were represented by counsel.

Plaintiffs objected to the notice of tax liability on the grounds that it was vague and indefinite, in that no section of the Retailers' Occupation Tax Act was specified, that the assessment of liability was barred by the statute of limitations, and that no prima facie case was established by the Department. Plaintiffs also tendered payment of $4297.52, which they maintained constituted their remaining liability, based upon their own audit of their records.

At the hearing the Department auditor who had made the assessment of plaintiffs' tax deficiencies testified as to the methods followed and conclusions made in determining the amount of tax due. The auditor stated that she did not go to the plaintiffs' place of business to conduct the audit and that all information was relayed to her through plaintiffs' lawyer. Plaintiffs' books and records for the period from January 1971

through October 1973 were made available to the auditor. The records included plaintiffs' sales tax returns, sales journals, Federal and State income tax returns and W-2 forms. According to the auditor the worksheets the Department entered into evidence were prepared by her and included an analysis of plaintiffs' gross receipts which revealed a difference between the amounts shown in plaintiffs' books and records and ROT returns and the higher amounts shown on their Federal income tax return. The auditor also testified that she credited plaintiffs for taxes already paid, but disallowed deductions for cigarette tax payments and jukebox commissions because no receipts were available to substantiate the claims for those credits. On cross-examination the auditor stated that plaintiffs had turned over all of the books and records that had been requested, but that they were not sufficient to allow the cigarette and jukebox credits and did not disclose the reason for the higher income figure on the Federal tax returns. The auditor concluded that there was a tax deficiency of $9513.60, assessed a 5% penalty of $475.68, computed interest in the amount of $2903.27 and issued the notice of tax liability for $12,892.55. The Department issued its final assessment in the amount of $10,725.61, basing the assessment on the corrected returns in evidence and deleting the portion of the deficiency for the period barred by the statute of limitations. The hearing disposition also noted that the plaintiffs' payment of $4297.52 had been received and credited against their account.

On administrative review the circuit court entered an order which cancelled and held for naught the final assessment of the Department, finding that the Department's decision was unsupported by the record and that the Department therefore was without authority to conclude that plaintiffs' records were inadequate or that any additional tax was due. The Department has brought the present appeal, maintaining that it had established a prima facie case and that the plaintiffs failed to meet the burden of overcoming the Department's case. The plaintiffs contend that, because their books and records were not inconsistent with their sales tax returns, and because the Department had all of plaintiffs' books and records and did not charge that they were inaccurate or false, the Department's prima facie case has been overcome.

OPINION

The issues on review are: (1) whether the Department has established a prima facie case against the plaintiffs; and (2) if a prima facie case has been made, whether it has been overcome by the plaintiffs' tax records.

The Retailers' Occupation Tax Act (Ill. Rev. Stat. 1975, ch. 120, par. 443) provides with regard to the examination and correction of tax returns that:

"As soon as practicable after any return is filed, the Department shall examine such return and shall, if necessary, correct such return according to its best judgment and information, which return so corrected by the Department shall be prima facie correct and shall be prima facie evidence of the correctness of the amount of tax due, as shown therein. * * *

* * *

Proof of such correction by the Department may be made at any hearing before the Department or in any legal proceeding by a reproduced copy of the Department's record relating thereto in the name of the Department under the certificate of the Director of Revenue. Such reproduced copy shall without further proof, be admitted into evidence before the Department or in any legal proceeding shall be prima facie proof of the correctness of the amount of tax due, as shown therein."

The statute has been strictly construed insofar as establishing a prima facie case is concerned and the Illinois courts have uniformly sustained a prima facie case based on corrected tax returns. (*Fillichio v. Department of Revenue* (1958), 15 Ill. 2d 327, 155 N.E.2d 3; *Anderson v. Department of Finance* (1938), 370 Ill. 225, 18 N.E.2d 206; *Quincy Trading Post, Inc. v. Department of Revenue* (1973), 12 Ill. App. 3d 725, 298 N.E.2d 789.) There is no statutory requirement that the Department substantiate the basis for the corrected return or produce the auditor who computed the corrected return in order to support its prima facie case. (*Tatz v. Department of Finance* (1945), 391 Ill. 131, 62 N.E.2d 674; *Rentra Liquor Dealers, Inc. v. Department of Revenue* (1973), 9 Ill. App. 3d 1063, 293 N.E.2d 388.) However, the Illinois Supreme Court has suggested that, when it is called into question, the method employed by the Department in correcting a taxpayer's return must meet some minimum standard of reasonableness. (*Fillichio v. Department of Revenue; Anderson v. Department of Finance.*) The reasonableness standard is based upon the statutory provision which requires that the Department's corrected returns be made "according to its best judgment and information." Ill. Rev. Stat. 1975, ch. 120, par. 443; *Grand Liquor Co. v. Department of Revenue* (1976), 36 Ill. App. 3d 277, 343 N.E.2d 555, *aff'd* (1977), 67 Ill. 2d 195, 367 N.E.2d 1238.

■ ■ At the hearing the auditor who corrected the tax returns testified on behalf of the Department. She testified that she had prepared both the returns and the worksheets that were entered into evidence and that the plaintiffs' books and records did not explain the discrepancy between their books and records and ROT returns and the higher figures appearing on their Federal tax return. She also testified that, had she been provided with receipts to document the claimed deductions for cigarette taxes and

jukebox commissions, the deductions would have been allowed. In spite of requests for receipts, she said, she never received them and informed the plaintiffs and their attorney that she could wait no longer to complete the audit. Although the auditor admitted that plaintiffs had given her their full cooperation and that she received all of their books and records, her testimony as to the lack of sufficient substantiation for the claimed deductions was not challenged. The tax returns are among the documents the plaintiffs are required to preserve according to the ROT Rules and Regulations. (Illinois Retailers' Occupation Tax Articles, art. 7, pars. 1 and 2 (1976).) Furthermore, according to article 7, paragraph 2, they are to be kept "subject to inspection and audit by the Department." We find, therefore, that the Department's action in basing its corrected return on plaintiffs' Federal tax return was not unreasonable and the Department has met the statutory requirements for establishing its prima facie case against the plaintiffs.

We turn now to plaintiffs' contention that they have overcome the Department's prima facie case. Plaintiffs maintain that because all of their books and records were submitted to the Department and the Department has contended neither that they are unworthy of belief nor that they are inaccurate or false in any respect or inconsistent with plaintiffs' sales tax returns, the prima facie case has been overcome.

■■ ■ The Department having established its prima facie case, the burden shifts to the plaintiffs to overcome it. (*Anderson v. Department of Finance*.) In order to overcome the presumption of validity attached to the Department's corrected returns, plaintiffs must produce competent evidence, identified with their books and records and showing that the Department's returns are incorrect. *Copilevitz v. Department of Revenue* (1968), 41 Ill. 2d 154, 242 N.E.2d 205; *Du Page Liquor Store, Inc. v. McKibbin* (1943), 383 Ill. 276, 48 N.E.2d 926.

■■ ■ The plaintiffs have challenged the corrected returns, but have offered no testimony or evidence in support of their original returns. While plaintiffs contend that the Department has all of the records that it requested, those records were not in evidence at the hearing. The only documentary evidence offered and admitted consisted of the corrected returns and the auditor's worksheets offered by the Department. The Department was not required to offer plaintiffs' books and records into evidence to establish its prima facie case. (Ill. Rev. Stat. 1975, ch. 120, par. 443; *Tatz v. Department of Finance*.) Although they were represented by counsel at the hearing, the plaintiffs themselves did not appear and testify. Nor was any evidence offered on their behalf. As was stated in *Quincy Trading Post, Inc. v. Department of Revenue* (1973), 12 Ill. App. 3d 725, 730-31, 298 N.E.2d 789, 793:

"In short, the plaintiff may not prevail by merely saying its own

return was correct, and that the revenue department must prove its return correct. Simply questioning the Department of Revenue's return or denying its accuracy does not shift the burden to the Department of Revenue."

We conclude that the actions of the plaintiffs constitute no more than a bare challenge to the Department's return. Unaccompanied as it was by any competent evidence, the challenge itself is insufficient to overcome the Department's prima facie case.

Accordingly, the order of the circuit court of Cook County is reversed and the decision of the Department is reinstated and affirmed.

Order reversed; decision reinstated and affirmed.

SULLIVAN, P. J., and WILSON, J., concur.