HOWARD WORTHINGTON, INC., Plaintiff-Appellant, *v.*
THE DEPARTMENT OF REVENUE, RETAIL OCCUPATION TAX
DIVISION, Defendant-Appellee.

Second District    No. 80-281

Opinion filed June 3, 1981.

Peter K. Wilson, of Puckett, Barnett, Larson, Mickey, Wilson & Ochsen-schlager, of Aurora, for appellant.

Tyrone C. Fahner, Attorney General, of Chicago (Edward M. Kay, Assistant Attorney General, of counsel), for appellee.

Mr. JUSTICE VAN DEUSEN delivered the opinion of the court:

Following an audit by the defendant, the Department of Revenue (Department), the plaintiff, Howard Worthington, Inc., was issued a notice of tax liability based on retailers' occupation tax deficiencies and use tax deficiencies. After a hearing, the department made a final

assessment in the amount of $20,323.51. The plaintiff filed a complaint for administrative review in the circuit court of Kane County. The circuit court entered an order upholding the decision of the department. The plaintiff, a company that deals in the rental and sale of construction equipment, appeals from that order.

The taxpayer's liability arose from alleged deficiencies in three categories. The first area involved deficiencies in the payment of retailers' occupation tax (hereinafter ROT) and was described by the auditor as "taxable sales that were recorded and not reported." This deficiency occurred in transactions where the taxpayer bought construction equipment for resale, leased it to others for a period of time and then sold the equipment to the lessee. As to these transactions, the taxpayer paid the ROT on the amount of the final sale price, plus the amount received on the rental, less an amount the taxpayer had previously paid as a use tax on the item. This use tax was paid on the equipment at the time that the item was removed from inventory and leased to others. The department disallowed the deduction of the amount equal to the previously paid use tax and assessed a deficiency accordingly.

The second area of tax deficiency, also involving the ROT, was designated as "taxable sales recorded, not reported." This category involved the taxpayer's sale of certain trailers which plaintiff had purchased and leased to others to haul the leased construction equipment. The taxpayer had paid a use tax based on the amount it had paid for the trailer. The taxpayer ultimately sold the trailers as used equipment, but again, in paying the ROT it took a credit against the ROT in an amount equal to the use tax it had paid when it commenced using the property.

The third category of tax deficiency involved the use tax and was designated as "purchases by taxpayer for use, no tax paid vendee." This category involved equipment which the taxpayer purchased and then allegedly under one or more leases rented out for a period of 18 months or more. No use tax was paid, and a deficiency was levied accordingly. The taxpayer raises no issue concerning this deficiency.

■■ The taxpayer has raised three issues on appeal. The first issue is a claim that the hearing procedures which combined prosecutorial and adjudicative functions were violative of taxpayer's constitutional right to due process. This court, when previously ruling on the same contention, has held that having the hearing officer also act as a representative of the department is not, in and of itself, a constitutional deprivation. (*Lakeland Construction Co. v. Department of Revenue* (1978), 62 Ill. App. 3d 1036, 1041; *Sundstrand Corp. v. Department of Revenue* (1975), 34 Ill. App. 3d 694, 704.) As we pointed out in *Lakeland Construction Co.*, the findings of the hearing officer are no more than recommendations. They do not amount to findings until they are passed upon by the director of the

Department. Furthermore, they are subject to judicial review by the court. Our examination of the record before the administrative body discloses that the taxpayer was accorded a fair and orderly hearing and given the opportunity to be heard and to defend. The administrative hearing did not violate the plaintiff's constitutional right to due process. We continue to abide by our holding in *Lakeland.*

The second issue raised on appeal concerns the sale of used trailers included in the category described as "taxable sales recorded and not reported." The taxpayer contends that the sales of the used trailers were not subject to the ROT, in that he was not in the business of selling trailers and the sales of the used trailers were only incidental to his construction equipment business. He correctly argues that the ROT is not a tax on sales but is instead a tax on an occupation. (*Material Service Corp. v. McKibbin* (1942), 380 Ill. 226, 236.) He also correctly states that the tax is not due on occasional sales, which are incidental to some other business. (*Theo B. Robertson Products Co. v. Nudelman* (1945), 389 Ill. 281, 284.) The taxpayer then asserts that the Department failed to prove that he was in the retail business of selling used trailers.

■■ At the hearing, however, the auditor from the Department stated that she reviewed the records and books of the taxpayer, and she noted that in 11 months out of a 35-month period, the taxpayer sold at least one and sometimes two or three used trailers a month. From her examination of the taxpayer's records and books, she concluded that the taxpayer was in the business of selling used trailers. This was then reflected in the corrected return she prepared for the Department. It is well established that a corrected return as prepared by the Department is deemed *prima facie* correct. (*Masini v. Department of Revenue* (1978), 60 Ill. App. 3d 11, 14.) At the hearing, the Department, without more, established its *prima facie* case by introducing this corrected return into evidence. The burden shifted to the taxpayer to overcome the Department's *prima facie* case. (*Anderson v. Department of Finance* (1938), 370 Ill. 225; *Masini v. Department of Revenue* (1978), 60 Ill. App. 3d 11, 15.)

> "In order to overcome the presumption of validity attached to the Department's corrected returns, [the taxpayer] must produce competent evidence, identified with their books and records and showing that the Department's returns are incorrect." *Masini v. Department of Revenue* (1978), 60 Ill. App. 3d 11, 15; see *Copilevitz v. Department of Revenue* (1968), 41 Ill. 2d 154; *Du Page Liquor Store, Inc. v. McKibbin* (1943), 383 Ill. 276.

In the instant case, the only evidence produced by the taxpayer was the testimony of its two principal officers. This testimony, consisting of generalizations and conclusions, was not in any way identified with or supported by the taxpayer's books and records. In fact, the taxpayer did

not produce any of its books or records at the hearing. We, therefore, determine that because the taxpayer has failed to introduce competent evidence to overcome the Department's *prima facie* case, the Department's implicit finding that the taxpayer was engaged in the retail business of selling used trailers must be upheld.

Finally, the taxpayer contends that requiring the payment of a use tax, as well as a Retailers' Occupation Tax on the rental proceeds and the final sales price, amounts to a double taxation. We note that a Department of Revenue bulletin dated October 19, 1972, directs that upon the sale of used equipment to lessees, not only the final sales price but also the rental receipts must be included in computing the ROT. On appeal, the taxpayer challenges the method of computing the ROT as set out in this bulletin. In computing and filing its ROT return, however, the taxpayer, without objection, followed the Department's bulletin and included the rental receipts in its computation of the ROT due. Therefore, on appeal, the taxpayer is limited to his contention that a credit should be allowed on the amount of the previously paid use tax. Moreover, we note that the deficiency assessed by the Department was based solely upon the taxpayer's attempt to take a credit for the previously paid use tax.

■■ Stated another way, the narrow issue is whether one engaged in the business of leasing personal property is entitled to a credit equal to the amount previously paid as a use tax against the ROT that he is obligated to pay when he subsequently, as a retailer, sells the same property.

At the outset, it should be noted that this is not a case such as *Illinois Road Equipment Co. v. Department of Revenue* (1965), 32 Ill. 2d 576. In *Illinois Road Equipment*, a retail seller of equipment rented his equipment to prospective purchasers. The rentals were used to demonstrate the equipment and hopefully induce sales. The supreme court held that because the equipment was used for demonstration purposes, it was exempt from the use tax. The department's attempt in that case to collect both use tax and ROT constituted an impermissible double taxation.

Similarly, in *L & L Sales & Services, Inc. v. Department of Revenue* (1979), 68 Ill. App. 3d 329, 332, the court held that when equipment is purchased with the intent to sell retail, and is subsequently rented with the intent remaining to ultimately sell it at retail, the rental is an exempt interim use even though the rentals are not for purely demonstration purposes. In *L & L Sales*, the equipment was neither depreciated, nor was it ever removed from inventory.

In both *L & L Sales* and *Illinois Road Equipment*, the taxpayer primarily sold equipment; the ultimate purpose of the initial purchase was to resell the equipment. In the case at bar, however, the taxpayer admits that his occupation is primarily that of leasing equipment to customers. Thus, when the taxpayer removed the equipment from its inventory and

commenced to lease it to others, the taxpayer owed and correctly paid the use tax as measured by the cost of the equipment. (*Thermos v. Department of Revenue* (1976), 37 Ill. App. 3d 410.) We emphasize that at the time the use tax was paid, the imposition of this tax was not challenged by the taxpayer.

The taxpayer claims, however, that in order to avoid double taxation, this previously paid use tax should be credited against the ROT that becomes due when the item is sold as used equipment. The taxpayer is not entitled to such a credit. His use of the equipment for which he paid the use tax is entirely separate and divorced from his subsequent retail sale of the used equipment for which he must pay a tax on his occupation. They constitute not one, but two transactions.

The ROT Act imposes a tax upon the occupation of retail selling within the State. (Ill. Rev. Stat. 1973, ch. 120, par. 440 *et seq.*; *United Air Lines, Inc. v. Johnson* (1981), 84 Ill. 2d 446.) The use tax is a tax upon the privilege of using personal property within the State. (Ill. Rev. Stat. 1979, ch. 120, par. 439 *et seq.*; *United Air Lines, Inc. v. Johnson* (1981), 84 Ill. 2d 446.) The limited purpose of the use tax, however, is to complement the ROT Act. (*Boye Needle Co. v. Department of Revenue* (1970), 45 Ill. 2d 484; *Turner v. Wright* (1957), 11 Ill. 2d 161.) It is intended that one tax, and only one, shall reach the State Treasurer with regard to each purchase of property for use within the State, whether or not the purchase is made in Illinois. (*Turner v. Wright* (1957), 11 Ill. 2d 161, 167-68.) This is accomplished by placing the responsibility of collecting the use tax from the purchaser upon the retailer (Ill. Rev. Stat. 1973, ch. 120, par. 439.3), and by relieving the retailer of the responsibility of remitting to the Department the use tax which he has collected from the purchaser if the retailer has paid the ROT on the same transaction. Ill. Rev. Stat. 1973, ch. 120, par. 439.8; *Turner v. Wright* (1957), 11 Ill. 2d 161; see also *United Air Lines, Inc. v. Johnson* (1981), 84 Ill. 2d 446, 450.

The single retail sale, therefore, gives rise to two tax obligations, but requires that only one of the obligations be paid to the Department. In this single retail sale, the use necessarily follows the retail sale; it does not, as in the instant case, precede the sale.

In this case, the taxpayer, as a user of personal property within the State, correctly paid the use tax when he commenced using the equipment. When he subsequently sold his used equipment, the taxpayer, as a retailer of used equipment, became obligated to pay the ROT on the sale. We note that when the taxpayer subsequently sells the used equipment, he is also authorized to collect the use tax owed by the purchaser. If the taxpayer has paid the ROT, he is not obliged to remit the amount of the collected use tax. Thus, the payment of both the ROT and the use tax arising out of a single sale can be avoided. Here, we have not one taxable

transaction, but two entirely separate taxable transactions: the initial purchase for use, and the later resale of the used equipment.

The order of the circuit court upholding the decision of the Department of Revenue is affirmed.

Affirmed.

UNVERZAGT and REINHARD, JJ., concur.