RALPH SPRAGUE, d/b/a Ralph Sprague and Son Trucking Company, Plaintiff-Appellee, v. J. THOMAS JOHNSON, Director of the Department of Revenue, *et al.*, Defendants-Appellants.

Fourth District   No. 4—89—0423

Opinion filed March 30, 1990.—Rehearing denied April 27, 1990.

LUND, J., concurring in part and dissenting in part.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Claudia E. Sainsot, Assistant Attorney General, of Chicago, of counsel), for appellants.

Law Office of Thomas J. Wolf, Jr., P.C., of Harrisburg, for appellee.

JUSTICE STEIGMANN delivered the opinion of the court:

The Illinois Department of Revenue (Department) appeals the circuit court's decision to refund money assessed as retailers' occupation tax and use tax against plaintiff, Ralph Sprague. The Department claims (1) Sprague engaged in retail sales when he acted as a hauler and a middleman between a quarry and purchaser of rock, and (2) Sprague owed use tax on two pickup trucks purchased during the audit.

We reverse.

The Department audited Sprague to determine his liability for retailers' occupation tax (retailers' tax) for the period of January 1, 1983, to December 31, 1985. Sprague's trucking service specialized in hauling rock, coal, sand, and fertilizer. Sprague never advertised he had rock for sale and never offered to sell rock to anyone. Instead, customers called him to request that he acquire and haul rock to locations they specified. Sprague then quoted the sales price, the retailers' tax on the purchase, and the hauling charge. These charges were determined by the Illinois Commerce Commission. Sprague did not charge retailers' tax on hauling.

After a customer placed an order, a Sprague employee would drive to a quarry, load the rock onto a truck, and deliver the rock to the

location requested by the customer. On one occasion, Sprague hauled some rock to his own place of business because his truck could not gain access to a customer's driveway. Sprague did not offer this rock for sale and never purchased other quantities of stone on his own behalf.

After hauling was completed, Sprague billed the customer. The bills did not itemize the price of the rock, the retailers' tax on the rock, or the hauling charge, but simply listed a total charge.

The quarries with which Sprague did business did not require that Sprague's service haul their rock and did sell rock directly to their customers. The price of the rock was the same in both cases because Sprague added no markup and did not receive any kickbacks. Sprague did not testify about the weight of the rock he hauled. His secretary testified about one order for 44.9 tons of rock.

Frank Cook, an auditor for the Department, concluded that Sprague was conducting retail sales because (1) Sprague's customers called him, placed their orders with him, were billed by him, and paid him; (2) Sprague paid the quarry for the purchase amount of the rock; and (3) Sprague did not itemize the hauling charge, the charge for the rock, and the amount of tax on the rock on his bills. Cook concluded that Sprague was a retailer despite the absence of an inventory at Sprague's place of business.

The circuit court cited the definition of "sale at retail" set forth in section 1 of the Retailers' Occupation Tax Act (Act) (Ill. Rev. Stat. 1987, ch. 120, par. 440) and determined that the Act, not the Department regulations described by Cook (86 Ill. Adm. Code §§130.415(b), (d) (1985)), should govern the outcome of the case. The court found that Sprague and his customers made an oral contract at the time of ordering. Based upon the contract and the circumstances of this case, the court concluded that the parties to the transaction intended for Sprague to merely be the customer's agent for the purpose of purchasing the rock and that title to the rock pass to the customer when Sprague picked up the rock at the quarry. The court noted that Sprague had even purchased rock from one of his customers during the incident in which Sprague hauled the rock to Sprague's place of business because the customer's driveway would not allow delivery. The court found for Sprague and ordered a refund.

In addition to contesting the retailers' tax on the hauling charge, Sprague also contested the Department's determination that use tax was owing on two pickup trucks purchased during the period of the audit. Sprague's bookkeeper testified that the trucks were used to haul commodities to Indiana and to transport repairmen and tires for the repair of tractor trailers. The court held that these trucks were used in

interstate commerce and were exempt from taxation. The Department appeals both of these rulings.

■ Section 2 of the Act (Ill. Rev. Stat., 1988 Supp., ch. 120, par. 441) imposes a tax "upon persons engaged in the business of selling tangible personal property *** at retail." Section 1 of the Act (Ill. Rev. Stat. 1987, ch. 120, par. 440) provides the following definitions:

" 'Sale at retail' means any transfer of the ownership of or title to tangible personal property to a purchaser, for the purpose of use or consumption, *** for a valuable consideration ***.

* * *

'Selling price' or the 'amount of sale' means the consideration for a sale *** determined without any deduction on account of the cost of the property sold, the cost of materials used, labor or service cost or any other expense whatsoever ***. ***

'Gross receipts' from the sales of tangible personal property at retail means the total selling price or the amount of such sales, as hereinbefore defined."

The Department argues Sprague engaged in sales of rock at retail and is subject to the retailers' tax for all charges in connection therewith. The evidence presented at trial concerning the transactions between Sprague and his customers was as follows: (1) the customer would telephone Sprague to order rock; (2) Sprague would quote a price for the rock; (3) Sprague would go to the quarry and load the rock onto a truck; (4) Sprague would deliver the rock to the customer; (5) Sprague would bill the customer; and (6) Sprague would pay the quarry when billed. Because the quarry charged the retailers' tax on the rock he hauled, Sprague collected that retailers' tax from the customer for the sale of the rock.

■ The Act essentially defines a "sale at retail" as the transfer of title for the purpose of use or consumption in exchange for consideration. The circuit court determined that title to the rock passed to the customer, not to Sprague, when he picked up the rock at the quarry. However, this analysis is contrary to the rule set forth in section 2—401(2) of the Uniform Commercial Code (Code) (Ill. Rev. Stat. 1987, ch. 26, par. 2—401(2)), which states the following:

"(2) Unless otherwise explicitly agreed[,] title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods, despite any reservation of a security interest and even though a document of title is to be delivered at a different time

or place; and in particular and despite any reservation of a security interest by the bill of lading

\* \* \*

(b) if the contract requires delivery at destination, title passes on tender there."

If we assume, as the circuit court did, that the customer was the buyer and the quarry was the seller, then according to section 2–401(2) of the Code, title to the rock passed when Sprague delivered the rock to the customer and not when Sprague loaded the rock at the quarry. It also follows that Sprague received title to the rock when he took possession of it at the quarry and held the title until he delivered it to the customer.

■ The circuit court further reasoned that the time at which the title passed was to be determined by the intentions of the parties. However, these intentions control only when the parties "otherwise explicitly agree" as to when title will pass. (*Country Mutual Insurance Co. v. Aetna Life & Casualty Insurance Co.* (1979), 69 Ill. App. 3d 764, 767, 387 N.E.2d 1037, 1039.) In this case, no evidence was presented indicating that Sprague, the quarry, or the customers explicitly agreed that title would pass from the quarry to the customer after Sprague loaded the rock onto his truck.

In *Federal-Bryant Machinery Co. v. Department of Revenue* (1968), 41 Ill. 2d 64, 241 N.E.2d 857, the Illinois Supreme Court considered whether a middleman is a retailer subject to the retailers' tax. In *Federal-Bryant*, the Department assessed the retailers' tax on a corporation which solicited and forwarded orders from customers to manufacturers. The manufacturers shipped directly to the customer, but billed the corporation which, in turn, billed the customer. The corporation guaranteed payment to the manufacturer and received commission from the orders solicited.

The court in that case determined that the corporation was not the manufacturer's agent because the purchase order was routed through the corporation and the customer paid the corporation and not the manufacturer. Furthermore, the corporation's responsibility for payment to the manufacturer and the corporation's complicated ordering and billing procedures led the court to conclude that the corporation purchased from the manufacturers and resold to its customers. *Federal-Bryant*, 41 Ill. 2d at 68-69, 241 N.E.2d at 859.

*Federal-Bryant* differs factually in some ways from the present case. In *Federal-Bryant*, the corporation (1) exclusively represented the manufacturer, (2) solicited orders, (3) received commissions, (4) did not haul its product, and (5) used a complicated ordering and billing

procedure. We note, however, that both the present case and *Federal-Bryant* have in common the middleman's purchase from and remittance to one party, coupled with a sale to and payment from another party.

We find that Sprague took title to the rock at the quarry and transferred title to the customer upon unloading the rock at the customer's place of business. Admittedly, Sprague realized no profit above and beyond the tariffs required to be charged by law. However, the fact that a taxpayer does not incur a profit does not preclude the assessment of the retailers' tax. (*Valier Coal Co. v. Department of Revenue* (1957), 11 Ill. 2d 402, 409-10, 143 N.E.2d 35, 39.) Thus, Sprague conducted a "sale at retail." *Federal-Bryant* lends support to this position despite its factual dissimilarities.

Having determined that Sprague conducted sales at retail, we now must determine whether Sprague's hauling fees should be taxed under the Act. The Department contends Sprague failed to prove his hauling services are exempt from the retailers' tax.

Section 4 of the Act states that a taxpayer's return corrected by the Department, "shall be prima facie correct and shall be prima facie evidence of the correctness of the amount of tax due." (Ill. Rev. Stat. 1987, ch. 120, par. 443.) The taxpayer must establish by competent evidence that the return corrected by the Department is not correct, and until he provides such proof, the corrected returns are presumptively correct. (*Copilevitz v. Department of Revenue* (1968), 41 Ill. 2d 154, 156, 242 N.E.2d 205, 206-07; *Quincy Trading Post, Inc. v. Department of Revenue* (1973), 12 Ill. App. 3d 725, 729, 298 N.E.2d 789, 792.) This *prima facie* case is overcome, and the burden shifts to the Department to prove its case, when the taxpayer presents his books and testimony, "which is not so inconsistent or improbable itself as to be unworthy of belief." *Quincy Trading Post, Inc.*, 12 Ill. App. 3d at 729-30, 298 N.E.2d at 793.

In *Du Page Liquor Store, Inc. v. McKibbin* (1943), 383 Ill. 276, 48 N.E.2d 926, the court determined that the taxpayer overcame the Department's *prima facie* case by offering both financial documents and testimony at trial. The court explained,

> "there should be some evidence introduced which is identified with books or records as kept by the taxpayer and supported by proof of facts entitling it to be admitted as evidence or facts gathered from some other source which imports equal verity."

*Du Page Liquor Store, Inc.*, 383 Ill. at 279, 48 N.E.2d at 927.

In *Quincy Trading Post, Inc.*, this court stated the following:

> "In *Copilevitz* [citation], the supreme court said that the Act

and its regulations are 'explicit in its demand for documentary evidence \*\*\*.' The language of that case indicates that evidence corroborating statements of the taxpayer and other supporting data is necessary. A taxpayer has all of his books and records, so, if wrongfully assessed, he could easily overcome the *prima facie* case of the department at the hearing procedures provided. In short, the plaintiff may not prevail by merely saying its own return was correct, and that the revenue department must prove its return correct. Simply questioning the Department of Revenue's return or denying its accuracy does not shift the burden to the Department of Revenue." *Quincy Trading Post, Inc.*, 12 Ill. App. 3d at 730-31, 298 N.E.2d at 793.

■ In the instant case, Sprague offered no documentary evidence showing that the sale of rock and the hauling of rock were separate transactions. In fact, Sprague's sales invoices reveal one total charge for both the rock and the hauling. We therefore conclude that Sprague failed to overcome the Department's *prima facie* case. Accordingly, we find that he owes the retailers' tax for his hauling services.

■ Also at issue is whether Sprague is exempt from use tax for his two pickup trucks. Section 3(c) of the Use Tax Act (Ill. Rev. Stat. 1987, ch. 120, par. 439.3(c)) imposes a use tax on tangible personal property purchased at retail, but exempts several activities, including the following:

"the use, in this State, by owners, lessors, or shippers of tangible personal property which is utilized by interstate carriers for hire for use as rolling stock moving in interstate commerce as long as so used by interstate carriers for hire." Ill. Rev. Stat. 1987, ch. 120, par. 439.3(c).

Again, Sprague failed to overcome the Department's *prima facie* case. At trial, Sprague merely offered the testimony of his bookkeeper, who indicated that the trucks in question were used to haul for a mine service located in Indiana and to aid in the repair of tractor trailers. This evidence is insufficient as a matter of law. As previously noted, documentary proof of tax-exempt status is required to prevail against an assessment of tax deficiency by the Department.

Reversed.

SPITZ, J., concurs.

JUSTICE LUND, concurring in part and dissenting in part:
The computation and assessment of liability by the Department

for the retailers' tax and use tax, taken from various records of those participating in sales, results in a *prima facie* case against the taxpayer. (*Masini v. Department of Revenue* (1978), 60 Ill. App. 3d 11, 14, 376 N.E.2d 324, 327.) Taxpayers cannot overcome the *prima facie* case by oral testimony. Adequate record keeping is necessary. (*Copilevitz v. Department of Revenue* (1968), 41 Ill. 2d 154, 156, 242 N.E.2d 205, 207.) The taxpayer's argument that the *prima facie* rule should not apply to him because he is a hauler, not a retailer, cannot be sustained. We agree that all cases cited by the Department involved obvious retailers (*Masini*, 60 Ill. App. 3d 11, 376 N.E.2d 324; *Copilevitz*, 41 Ill. 2d 154, 242 N.E.2d 205; *American Welding Supply Co. v. Department of Revenue* (1982), 106 Ill. App. 3d 93, 435 N.E.2d 761; *Pedigo v. Department of Revenue* (1982), 105 Ill. App. 3d 759, 434 N.E.2d 860, *appeal denied* (1982), 91 Ill. 2d 572; *Central Furniture Mart, Inc. v. Johnson* (1987), 157 Ill. App. 3d 907, 510 N.E.2d 937, *appeal denied* (1987), 117 Ill. 2d 542, 517 N.E.2d 1084; *Quincy Trading Post, Inc. v. Department of Revenue* (1973), 12 Ill. App. 3d 725, 298 N.E.2d 789; *Smith v. Department of Revenue* (1986), 143 Ill. App. 3d 607, 493 N.E.2d 653; *Terrace Carpet Co. v. Department of Revenue* (1977), 46 Ill. App. 3d 84, 360 N.E.2d 153); or businesses assessed use taxes for items purchased without payment of sales taxes in Illinois (*Colorcraft Corp. v. Department of Revenue* (1986), 112 Ill. 2d 473, 493 N.E.2d 1066; *Sundstrand Corp. v. Department of Revenue* (1975), 34 Ill. App. 3d 694, 339 N.E.2d 351; *Klein Town Builders, Inc. v. Department of Revenue* (1966), 36 Ill. 2d 301, 222 N.E.2d 482; *United Air Lines, Inc. v. Johnson* (1981), 84 Ill. 2d 446, 419 N.E.2d 899). However, to allow a business which *could* be hauling and selling at retail to evade the *prima facie* rule does not make sense, and would put an untenable burden on the State in policing the payment of taxes. Adequate records must be kept, even as in this case, where the business is an unregistered account. The circuit court determined that Department regulations (86 Ill. Adm. Code §130.415 (1985)) did not govern the outcome of the case, basically holding that Sprague was not a retailer as defined by section 1 of the Act. This interpretation is incorrect.

However, the evidence indicates the correctness of the circuit court's inferences that the parties intended that the title to the limestone passed to the consumer when Sprague picked it up as the consumer's agent. All of the evidence indicated the gross profit (defined for purposes of this dissent as the sum received from the customer, less the amount paid by Sprague to the quarries for the limestone and the sales tax charged at the quarries) received by Sprague was the

equivalent to his tariffs on file with the Illinois Commerce Commission (ICC).

Sprague's hauling activities were governed by the Illinois Commercial Transportation Law (Ill. Rev. Stat. 1987, ch. 95½, par. 18c—1101 *et seq.*). The ICC covers "motor carriers," which are defined as persons transporting property for hire. (Ill. Rev. Stat. 1987, ch. 95½, par. 18c—1104(19).) I see no justification for ignoring this classification when determining Sprague's status as an agent in contrast to one involved in resale.

The Department's auditor, in preparing the return assessing the disputed tax, fixed the retailers' tax based on the hauling rate established from the tariff which had been filed with the ICC by Sprague. He did not include the amounts paid to the quarries, because of the collection of the retailers' tax at the quarries. Obviously, the Sprague records were sufficient to establish the breakdown of the cost of the rock at the quarries, the retailers' tax paid to the quarries, and the actual cost of hauling.

Section 2—401(2) of the Code is not applicable to the facts in this case. Using that section presupposes that Sprague is a seller of limestone. If he is nothing more than an agent hauler, which the circuit court determined, then section 2—401(2) should not be considered. To conclude, as does the majority, that, because of the section, title passed to Sprague when the seller quarry placed the limestone in Sprague's truck escapes logic. It is more reasonable to say, if Sprague is an agent for the consumer, the delivery to Sprague resulted in title being vested in the consumer.

I also see no similarity with the facts in *Federal-Bryant Machinery Co. v. Department of Revenue* (1968), 41 Ill. 2d 64, 241 N.E.2d 857, and the present case. There is no evidence of solicitation of orders, or the forwarding of orders. The Sprague business advertises hauling, and the business is licensed as a hauler. If you ask him to move a commodity from one port to another, you would pay the fixed tariff but retain title. If you want rock from a quarry, you actually reimburse Sprague for his advances and pay him for the hauling at the fixed tariff.

This case rests not on the issue of title, but on the issue of record keeping and itemized-billing procedures. Our supreme court stated that statutory provisions requiring that those who engage in retail sales keep adequate records are mandatory. (*Copilevitz*, 41 Ill. 2d at 157, 242 N.E.2d at 207.) I find no problem in extending these requirements to those who are not registered with the Department as retail sellers but who should, because of their activities, be audited by the

Department. In the present case, the Department would require, in addition to records in existence at Sprague's business, copies of itemized bills from Sprague to the consumer and a written contract between Sprague and the consumer providing for title to flow from the quarries to the consumer. I find the contract requirement under the facts in the case ludicrous.

Sprague operates out of Harrisburg, population 9,300, in Saline County, population 27,300. His customers necessarily include people from all over the area. When someone calls for a load of gravel for their driveway, to require them to come into the office and sign a written contract, or to have Sprague or one of his employees drive to their home to obtain a signature prior to going to the quarry, would be unreasonable. Sprague, as are many like-kind businesses throughout the less-populated counties of this State, is in the business of hauling, and is not necessarily a retailer. The nature of his business requires a practical look at the Department's call for written agreements, and that look must result in a negative response to the call. While the Department justifiably has discretion in adopting regulations, we are not required to blindly sustain the application of those regulations. *Terrace Carpet Co.*, 46 Ill. App. 3d at 90, 360 N.E.2d at 157.

The requirement for itemized billing is more reasonable, and should be adopted by those in the hauling business. While the hauling business could be operated so that the retailers' tax liability is never incurred, the nature of the business could allow for buying rock, gravel, coal, and fertilizer, and reselling to the consumer. However, there was sufficient documentary evidence to overcome the *prima facie* case created by the auditor's assessment. All of the evidence indicates Sprague was only receiving compensation based upon his tariff. Sprague should no more be called a retailer than a frog be called a prince.

I concur in the majority opinion as it relates to the use tax and the two pickup trucks. I dissent from the majority opinion, however, insofar as it reverses the circuit court on the assessment of the retailers' tax.