BRUCE NAGEL, d/b/a Nagel Trucking, *et al.*, Plaintiffs-Appellants, v. RAYMOND T. WAGNER, JR.,[1] Director of Revenue, *et al.*, Defendants-Appellees.

Second District   No. 2—96—0144

Opinion filed December 30, 1996.

Kurt E. Vragel, Jr., of Glenview, for appellants.

_____

[1]Ken Zehnder is currently the acting Director of Revenue and is substituted for Raymond T. Wagner, Jr., pursuant to section 2—1008(d) of the Code of Civil Procedure (735 ILCS 5/2—1008(d) (West 1994)).

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Claudia E. Sainsot, Assistant Attorney General, of counsel), for appellees.

JUSTICE THOMAS delivered the opinion of the court:

Plaintiffs, Bruce Nagel, d/b/a Nagel Trucking, and Nagel Trucking and Materials, Inc., appeal the trial court's judgment affirming the decision of defendant the Department of Revenue (the Department), which determined that both the materials plaintiffs transported and certain transportation charges plaintiffs levied were subject to the retailers' occupation tax (the ROT). The issue on appeal is whether the trial court erred in finding that the transportation charges were subject to the ROT. We affirm.

Plaintiff Bruce Nagel, d/b/a Nagel Trucking, is a sole proprietorship whose primary business is the transportation of materials. Plaintiff Nagel Trucking and Materials, Inc., is the successor in interest to that sole proprietorship. Because the distinction between plaintiffs is not relevant to this appeal, we will refer to plaintiffs collectively as "plaintiff."

Some of plaintiff's customers requested that plaintiff locate and sell them materials in addition to providing transportation services. On those occasions, plaintiff advanced the charges to pay the supply source for the materials and then delivered the materials to plaintiff's customers. Plaintiff then billed the customers an aggregate charge for the sale and transportation of the materials.

The Department audited plaintiff's operations and assessed the ROT on both the sale and transportation of the materials. Plaintiff requested an administrative hearing. At the hearing, plaintiff did not contest the portion of the assessment that applied to the materials. Plaintiff paid the ROT on the materials portion of the assessment, including penalties and interest. Plaintiff only contested the portion of the assessment that applied to the transportation of the materials.

Using plaintiff's records, the Department and plaintiff agreed on the amount of each transaction represented by transportation charges. However, the Department held that, because plaintiff failed to overcome the Department's *prima facie* case with documentary evidence showing that the sale of the materials and the transportation of the materials were separate transactions, defendant owed the ROT on both the sale of the materials and the transportation of the materials.

Plaintiff filed a complaint for administrative review. The trial court affirmed the Department's decision and its rationale. Plaintiff filed a timely notice of appeal.

■ On appeal, plaintiff argues that the Department's decision to impose the ROT on the transportation portion of the transactions is both contrary to law and against the manifest weight of the evidence. The Department concedes that, in the present case, the facts are undisputed and the determination whether the transactions are subject to the ROT is a question of law. *Harrisburg-Raleigh Airport Authority v. Department of Revenue*, 126 Ill. 2d 326, 331 (1989). Although courts of review should give some deference to an administrative agency's construction of a statute, we are not bound to give that construction the same deference as an agency's findings of fact. However, statutes exempting property from taxation should be strictly construed in favor of taxation, and the taxpayer bears the burden of proving his entitlement to the exemption. *Harrisburg-Raleigh Airport Authority*, 126 Ill. 2d at 331.

■ Section 130.415 of Title 86 of the Illinois Administrative Code (Administrative Code) provides in relevant part:

"b) The answer to the question of whether or not a seller, in computing his Retailers' Occupation Tax liability, may deduct, from his gross receipts from sales of tangible personal property at retail, amounts charged by him to his customers on account of his payment of transportation or delivery charges in order to secure delivery of the property to such customers, or on account of his incurrence of expense in making such delivery himself, depends not upon the separate billing of such transportation or delivery charges or expense, but upon whether the transportation or delivery charges are included in the selling price of the property that is sold or whether the seller and the buyer contract separately for such transportation or delivery charges by not including such charges in such selling price.

c) If such transportation or delivery charges are included in the selling price of the tangible personal property which is sold, the transportation or delivery expense is an element of cost to the seller within the meaning of Section 1 of the Retailers' Occupation Tax Act, and may not be deducted by the seller in computing his Retailers' Occupation Tax liability.

d) On the other hand, where the seller and the buyer agree upon the transportation or delivery charges separately from the selling price of the tangible personal property which is sold, then the cost of the transportation or delivery service is not a part of the 'selling price' of the tangible personal property which is sold, but instead is a service charge, separately contracted for, and need not be included in the figure upon which the seller computes his Retailers' Occupation Tax liability. *** The best evidence that transportation or delivery charges were agreed to separately and

apart from the selling price, is a separate and distinct contract for transportation or delivery. However, documentation which demonstrates that the purchaser had the option of taking delivery of the property, at the seller's location, for the agree[d] purchase price, or having delivery made by the seller for the agree[d] purchase price, plus an ascertained or ascertainable delivery charge, will suffice." 86 Ill. Adm. Code § 130.415 (1996).

In determining that the transportation part of the transactions is subject to the ROT, the Department relied on *Sprague v. Johnson*, 195 Ill. App. 3d 798 (1990). In *Sprague*, plaintiff owned a trucking service that primarily transported gravel. *Sprague*, 195 Ill. App. 3d at 799. Plaintiff never advertised that he had rock for sale. However, some of plaintiff's customers requested that he acquire and haul the gravel for them. The transportation charges plaintiff levied were the tariffs he filed with the Commerce Commission. After the hauling was completed, plaintiff billed the customers one charge for both the materials and the transportation. *Sprague*, 195 Ill. App. 3d at 800.

The court concluded that plaintiff presented no evidence at trial to indicate that the sale of the gravel and the transportation of the gravel were two separate transactions. *Sprague*, 195 Ill. App. 3d at 804. The court held that, because plaintiff failed to present such evidence, he failed to overcome the Department's *prima facie* case established by the corrected tax returns. *Sprague*, 195 Ill. App. 3d at 804.

In the present case, plaintiff contends that the tariffs he filed are sufficient to demonstrate that the sale of the gravel and the transportation of the gravel were two separate transactions. We disagree.

The tariffs plaintiff filed allowed the Department to determine the amount attributable to the sale of the materials and the amount attributable to the transportation of the materials. However, it is not whether the Department is able to determine the amount attributable to each part of the transaction that determines whether the transportation charges may be subtracted from plaintiff's gross receipts in computing his ROT liability. Rather, section 130.415(b) of the Administrative Code provides that whether plaintiff may deduct the transportation charges depends upon whether the transportation charges were included in the selling price of the property that is sold or whether plaintiff and his customers contracted separately for the transportation charges by not including them in the selling price. 86 Ill. Adm. Code § 130.415(b) (1996).

■ In the present case, plaintiff did not present any evidence to demonstrate that he and his customers contracted separately for the

transportation charges. The tariffs plaintiff filed are merely a public document that he is required to file with the Commerce Commission. That document establishes the rates plaintiff must charge in a contract for transportation only. It does not demonstrate the existence of a separate and distinct agreement as to the rates for transportation and materials where, as here, plaintiff's own testimony demonstrates that plaintiff billed an aggregate charge for transportation and materials. We note that the court in *Sprague* also held that, although plaintiff had filed tariffs that represented the portion of the charges attributable to transportation, plaintiff had not demonstrated that the sale and transportation of the gravel were two separate transactions. *Sprague*, 195 Ill. App. 3d at 803-04.

Plaintiff argues that our recent decision in *Arenson v. Department of Revenue*, 279 Ill. App. 3d 355 (1996), prohibits the Department from imposing the ROT on the transportation charges in the present case. In *Arenson*, the Department assessed taxes against charges on both taxable communications charges and on nontaxable equipment rental charges. The Department based its assessment on plaintiff's failure to disaggregate the charges on the customer invoices. On appeal, we held that the applicable statute did not specify where the disaggregation should occur and that plaintiff had sufficiently rebutted the Department's case by showing that it had disaggregated the rental charges in its own records. *Arenson*, 279 Ill. App. 3d at 360.

In the present case, unlike *Arenson*, plaintiff has not shown that he disaggregated the transportation charges in his own records. The tariffs plaintiff filed with the Commerce Commission do not separate sales from transportation charges in individual transactions. The tariffs are a generic price list for transportation charges. Moreover, the regulations in the present case do not require disaggregation in plaintiff's records; they require that the price of the materials and the charge for the transportation of the materials be negotiated separately. 86 Ill. Adm. Code § 130.415(b) (1996).

Plaintiff argues that the decisions in *Liquid Air Corp. v. Johnson*, 240 Ill. App. 3d 722 (1992), and *Airco Industrial Gas Division, The BOC Group, Inc. v. Department of Revenue*, 223 Ill. App. 3d 386 (1991), prohibit the Department from imposing the ROT on the transportation charges in the present case. We disagree.

In *Liquid Air Corp.* and *Airco*, plaintiffs sold industrial gases in liquid form to their customers. *Liquid Air Corp.*, 240 Ill. App. 3d at 724; *Airco*, 223 Ill. App. 3d at 387. The liquid gases could only be stored in large cryogenic tanks that were able to sustain the low temperature and high pressure of the gases. Plaintiffs' customers could

lease the appropriate cryogenic tanks from plaintiffs or obtain the tanks from other sources. The sale of the gases and the lease of the tanks were negotiated and billed separately. *Liquid Air Corp.*, 240 Ill. App. 3d at 724; *Airco*, 223 Ill. App. 3d at 388. The Department imposed the ROT on the rental fees plaintiffs charged their customers for the use of the storage equipment. *Liquid Air Corp.*, 240 Ill. App. 3d at 725; *Airco*, 223 Ill. App. 3d at 388.

The courts in *Liquid Air Corp.* and *Airco* held that the Department could not impose the ROT on the rental fees for the storage facilities. *Liquid Air Corp.*, 240 Ill. App. 3d at 730; *Airco*, 223 Ill. App. 3d at 392-93. In finding that plaintiffs did not owe the ROT on the rental fees, the court in *Liquid Air Corp.* noted that the Department's regulations specifically excluded rental fees and lease payments from the ROT. *Liquid Air Corp.*, 240 Ill. App. 3d at 726. The courts in *Liquid Air Corp.* and *Airco* noted that the appropriate inquiry is whether the product can be sold to the customer without rendering the service. *Liquid Air Corp.*, 240 Ill. App. 3d at 730; *Airco*, 223 Ill. App. 3d at 392-93. If it can, then the service charge should not be subject to the ROT.

In the present case, the materials plaintiff sold could be sold to the customers without rendering the transportation service. However, unlike the situations in *Liquid Air Corp.* and *Airco*, plaintiff in the present case presented no evidence that the sales portions and the service portions of the transactions were negotiated or billed separately.

Moreover, in *Liquid Air Corp.* and *Airco*, a regulation specifically excluded the rental fees. See 86 Ill. Adm. Code § 130.2010 (1996). In the present case, the regulations provide that the transportation fees may be subtracted from the gross receipts in computing the ROT only if plaintiff and the customers contract separately for the transportation charges. 86 Ill. Adm. Code § 130.415(b) (1996). Plaintiff failed to present such evidence. Accordingly, we conclude that *Liquid Air Corp.* and *Airco* do not prohibit the imposition of the ROT on the transportation charges in the present case.

We hold, as did the court in *Sprague*, that, because plaintiff failed to demonstrate that the sale of the materials and the transportation of the materials were separate transactions, plaintiff failed to overcome the Department's *prima facie* case established by the corrected tax returns.

Therefore, we affirm the judgment of the circuit court of Kane County.

Affirmed.

McLAREN, P.J., and BOWMAN, J., concur.